## F. M. MUNDINE ET AL. v. MARKS BERWIN.

(Case No. 1636.)

1. MECHANIC'S LIEN — STATUTE CONSTRUED.— If the labor performed by a mechanic is of such a character as would enable him under the statute to establish his lien on the property on which his labor is bestowed, by complying with the statute, he may, after his work is finished, by contract in writing between himself and the owner of the property, secure the statutory lien for his debt by having his contract recorded. · Nor will the fact that the payment of the debt is by the terms of the written contract postponed to a future day, impair or affect the lien. Construing art. 3165, R. S., held, that there is nothing in the statute which requires registration of the lien contract before the debt it is intended to secure is due.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

Antony & Wilcox, for appellant, on their proposition that no mechanic's lien could attach to secure a contract made after the work

was done, cited: Tinsley *v.* Boykin, 46 Tex., 599; Lee *v.* O'Brien, 54 Tex., 635; R. S., ch. 2, title 61, arts. 3165 to 3170.

*Ford & Ford*, for appellee, cited: Martin *v.* Roberts, 57 Tex., 564; Armstrong *v.* Lipscomb, 11 Tex., 326; Wofford *v.* Thompson, 8 Tex., 224; Punderson *v.* Love, 3 Tex., 60.

STAYTON, ASSOCIATE JUSTICE.— This cause comes before us without a statement of facts and without bill of exception, and in such case, if the petition states a cause of action on which the judgment might legally have been rendered, on proof of the facts alleged, then the judgment must be affirmed.

The instrument sued on is made a part of the petition, together with its certificate of authentication for record and certificate of record.

The written assignment of whatever right that instrument conferred on Lyon is also made an exhibit to the petition.

The instrument is as follows:

"STATE OF TEXAS, }
  *County of Milam.* }

"Know all men by these presents, that I, F. M. Mundine, of Lee county, Texas, for and in consideration of work done and labor performed for me by J. L. Lyon, a mechanic, upon and in the construction of a certain three-story brick building, situated on the south end of lots 1, 2 and 3, in block 3, in the city of Rockdale, in Milam county, Texas, at the junction of Main and Milam streets, and fronting fifty feet on Main street and eighty-one feet on Milam street, have this day granted and given, and by these presents do grant and give, unto the said J. L. Lyon, a mechanic's lien in and upon the house aforesaid, and the said parts of lots in said block, IN ORDER TO SECURE HIM IN THE PAYMENT of the sum of three hundred and seventy-two dollars and fifty-seven cents, the amount due by me to the said J. L. Lyon at this date, for the said work done and labor performed on said building in its construction; and I further agree to pay him the sum of three hundred and seventy-two dollars and fifty-seven cents on the 1st day of November, A. D. 1881, with twelve per cent. per annum interest from this date; and I hereby give this lien as a mechanic's lien under chapter 27, title 61, of the Revised Statutes of the state of Texas.

"In witness whereof I hereunto set my hand this 21st day of November, A. D. 1880.

                                        "F. M. MUNDINE."

This contract was duly acknowledged on the same day of its execution, and was duly recorded in the county clerk's office of Milam county, Texas, on the 2d day of December, A. D. 1880. And this contract was duly transferred by Lyon to the plaintiff in writing endorsed thereon, for a valuable consideration, if the averments of the petition are true.

If the labor performed by Lyon was such, and was done under such circumstances, as would have enabled him to establish a mechanic's lien on the property by complying with the statute, we do not see that the written contract, made after the work was done and the labor performed, would not, when such is clearly expressed to be the intention of the parties, as fully give even the mechanic's lien as would the written contract, if made prior to the time the work was done, if the written contract was recorded as provided by the statute.

If, however, this were not so, the instrument made a part of the petition would create an express lien by contract which the courts would enforce, and in so far as the contract refers to the statute which is intended to provide a means by which mechanics may establish liens, it cannot be held to have been intended by the parties to require more than that the instrument evidencing the contract should be recorded within the time and in the manner required by the statute.

It is, however, contended that a contract evidencing the facts which, upon compliance with the law fixes the lien, cannot be recorded *before* the debt becomes due, but must be recorded *after* the debt becomes due in order to fix and secure the lien.

Such a construction cannot be given to the words of the statute, and would be at war with its spirit and intent.

The statute provides: " In order to fix and secure the lien herein provided for, the person or firm, contractor, mechanic, laborer, artisan or lumber dealer furnishing material shall have the right, at any time within six months after such debt becomes due, to file his contract in the office of the county clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the county clerk for that purpose." R. S., 3165.

This statute simply places a limitation of time within which the contract must be filed in order to fix the lien, and certainly was not intended to operate as declaration that the recording of the contract before the debt was due should not be as effective, in fixing the lien, as though it was recorded after the debt became due. The object and purpose of the law would encourage the recording of the

contract at the very earliest practicable moment, that all persons may know of the existence of the lien.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 7, 1884.]

Chief Justice WILLIE did not sit in this case.