## CLAES & LEHNBEUTER AND J. W. THOMPSON v. DALLAS HOMESTEAD AND LOAN ASSOCIATION.

### No. 3173.

1. **Mechanic's Lien — Registration.** — The statute relating to mechanic's liens provides that it shall be the duty of the contractor "within four months *after* the indebtedness shall have accrued to file his contract in the office of the county clerk," etc. This language does not require the contract to be filed *after* the indebtedness accrues, to secure the lien, but that the filing of it later will not have the effect to secure the lien. It may be filed at time it is made. Sayles' Civ. Stats., art. 3165.

2. **Lien Recorded.**—Husband and wife executed an instrument giving a lien upon city lots upon which buildings were to be erected. The lots were no part of the homestead. The instrument was recorded the day executed. This gave the holder a lien independent of the mechanic's lien law.

3. **Vendor's Lien.**—A vendor's lien can not be created by recitals in a promissory note, it not appearing from the testimony that it was in fact made for purchase money, so as to take priority of an express lien upon the property.

APPEAL from Dallas. Tried below before Hon. GEORGE N. ALDREDGE.

The opinion states the case.

*Thompson & Clint*, for appellants.—1. The lien is given by statute, when labor is actually performed, and not for simply contracting to do either or both.

2. In order to fix or secure the lien given by statute, the contract shall be filed in the office of the county clerk within four months or thirty days, as the case may be, "after the indebtedness shall have accrued."

3. A contract filed before any work is done or labor furnished or any indebtedness even exists, will not create a lien upon both the improvements and lots prior to that created by a deed of trust given on the lots to secure purchase money. Catlin v. Douglas, 33 Fed. Rep., 569; Davis v. Bullard, 32 Kans., 234; Seaton v. Chamberlain, 32 Kans., 239; Crawford v. Blackman, 3 Ark., 527; Phil. on Mech. Liens, sec. 223; Rev. Stats., art. 3171.

*Lawther & Halloway*, for appellee.—The contract provided for by article 3174 of the Revised Statutes may be filed as soon as executed, and if the labor and material contracted for be actually done and furnished in pursuance of said contract the lien will date from the time of filing. Rev. Stats., arts. 3174, 3168; Const., art. 16, sec. 50; Lyon v. Ozee, 66 Texas, 95; Reese v. Corlew, 60 Texas, 70; Taylor v. Huck, 65 Texas, 238.

COLLARD, JUDGE, *Section A.*—On the 18th day of October, 1886, Frank Martin and his wife Catharine made a written contract with the Dallas Loan and Homestead Association, by which the association was

to build for them a dwelling house on lots 6 and 7 in block B of a certain addition to the city of Dallas, and by which Martin and wife gave to the association a mechanic's lien on the building and the lots. The contract is in the peculiar and complicated form adopted by such associations; Martin first executed to the association his bond acknowledging his indebtedness to the same in the sum of $1000, agreeing to pay interest, dues as a member of the concern, fines in certain cases, granting a lien on his shares of stock in the business and a lien upon the lots above mentioned, he and his wife executing a written lien to the association on the lots and building to be erected, recognizing the bond of Martin and his obligations therein. The real terms of the transaction are obscured, or at least are not stated in a straightforward manner. The contract seems to contemplate a loan of money to Martin, a small portion of which is to be paid at once, and the rest in the future; but it may be inferred from the instrument that the house was to be built with the money furnished by the association; or that it was to furnish all the material for the construction and completion of the same and to have all the labor done at its individual expense.

This contract was duly signed and acknowledged by all the parties—by Mrs. Martin in the manner required by statute of a married woman in conveying the homestead—and was duly recorded in the proper records of the county on the day of its execution, the 18th day of October, 1886. The building of the house was on the same day let to one John Paul, who, with Martin, executed a bond to the association in the sum of $2000, conditioned that Paul will build the house according to certain specifications, furnishing all the material.

Martin, on the trial, testified, that the association had complied in all respects with its contract by the erection of the house, and that he still owed it for the same. It was proved that the amount due was $794; that the association had advanced $1000 in compliance with their agreement, $200 of which were paid on the 25th day of October, 1886, and $800 about the middle of November, 1886. The evidence does not show positively whether the money was paid to Martin or direct to Paul. Enough was shown to establish the alleged lien and the performance of the contract.

On the 22d day of October, 1886, Martin and his wife executed to Claes & Lehnbeuter, the appellants, their note for $1200, due in six years, bearing 6 per cent interest per annum from date, the note reciting, "Said amount being the money of Claes & Lehnbeuter used in the purchase and improvement of lots 6 and 7 in block B," the same lots on which the loan association had agreed to erect the dwelling.

On the same day Martin and wife executed to J. W. Thompson a deed of trust on the lots to secure the note of Claes & Lehnbeuter, with power to sell the lots on default of payment of the note at maturity, etc. The deed of trust makes no mention of that portion of the note

quoted above, or on what account the money was due. It was duly acknowledged by Martin and wife, and on the 25th day of October, 1886, was recorded in the proper record.

This suit was brought by the Dallas Loan and Homestead Association, in due form, against Martin and wife for the balance due it, setting up its lien on the lots and dwelling and asking foreclosure of the same.   Claes & Lehnbeuter and Thompson were made parties defendants upon an averment that they claimed to have some interest or lien on the property.   Thompson answered, setting up the trusteeship and that the lien created by the trust deed was superior to that of plaintiff's.   His answer contained no prayer of any kind.   Claes & Lehnbeuter answered, setting up the note executed to them, the deed of trust, and lien thereby, and alleged that such lien was superior to that of plaintiffs.   They only asked that their lien be adjudged superior to that of plaintiff.   Judgment was taken by default in favor of plaintiff against Martin and wife, who made no defense, and afterward upon the evidence final judgment was rendered for plaintiff against Martin and wife for $794.30, foreclosing the lien as alleged by plaintiff, and adjudging the same "superior to the claim of defendants," Claes & Lehnbeuter and Thompson, who have appealed.

It is not necessary to treat separately each assignment of error insisting upon a reversal of the judgment, but they will all be considered and disposed of in the following: We think the judgment of the court below was correct.

The statute in relation to fixing a mechanic's lien provides, that it shall be the duty of the contractor "within four months *after * * * * the indebtedness shall have accrued to file his contract in the office of the county clerk," etc.   This language does not require the contract to be filed *after* the indebtedness accrues to secure the lien, but that the filing of it later than four months after that time will not have the effect to secure the lien.   It is not inconsistent with the statute to file the contract at the time it is made; such filing will be a compliance with the statute.   Sayles' Civ. Stats., art. 3165.   The Constitution provides for these liens upon the material furnished and improvements made (Const., art. 16, sec. 37), and the statute gives effect to the provision, extends the lien to the lot or lots necessarily connected with the improvements made, and provides the manner of enforcing the same. Sayles Civ. Stats. arts. 3164, 3165.   The statute was observed and complied with by plaintiff by having his contract filed and recorded as directed.   This secured to plaintiff as against Martin and subsequent lienholders the liens given by law upon the house and such of the lots as were necessarily connected therewith, and upon the material and building itself, as afterward furnished and constructed by it, even against prior lienholders.   Sayles' Civ. Stats., art. 3171.

But leaving out of view the protection of lien given by the Constitution and the statute, plaintiff had a valid lien upon the lots and the building by the express written contract. This was prior to the deed of trust set up by Claes & Lehnbeuter, and was recorded before the execution of the deed of trust. This contract lien expressly given in the written obligation of Martin and wife would be valid without a compliance with the statute, which refers to mere contracts without lien. There is no homestead question in the case either by the pleadings or the evidence. There is no hint that the dwelling was a homestead, or was intended to be. Martin and wife make no issue upon the subject, nor do the other defendants.

Claes & Lehnbueter had no lien upon the property until their deed of trust was executed, which was inferior to that of plaintiff by the express contract. The language in the note, "said amount being the money of Claes & Lehnbeuter used in the purchase and improvement of lots 6 and 7 in block B," etc., does not evidence the existence of any definite lien, and there was no evidence besides this of the lien claimed by them—no explanation of the language or the nature of the transaction. Defendants only produced on the trial the note (which had not been recorded) and the deed of trust, which on its face made no allusion to the above quoted language, and indicated only a lien to secure the indebtedness as shown by the note. The evidence did not show an earlier transaction creating a lien, or facts from which any lien would arise by implication. Martin was on the stand, and there was no attempt to prove by him any such prior transaction, or even that the money was ever had of Claes & Lehnbeuter as stated in the note; nor was there any attempt to define the lien or the particulars relating to it, what the lots cost, what improvements were erected on them and their cost, where the improvements were made, and whether it had been fixed and secured as required by law to give it priority. None of these facts were shown to enable the court to act intelligently and render judgment defining any exact right in Claes & Lehnbeuter as against the plaintiff. It will be noted that they asked no judgment of Martin, no foreclosure, but only that their lien be declared superior to that of plaintiff.

Plaintiff established his statutory lien upon the building and such part of the lots as were necessarily connected therewith, and a contract lien upon all the property which was prior to defendant's deed of trust and superior thereto.

We conclude that the judgment of the court below is correct and should be affirmed.

*Affirmed.*