E. Lippencott et al v. John H. York et al.

No. 63.

1. Homestead—Mechanic's Lien—Constitution.

Article 16, section 50, of the State Constitution, while it operates as a restriction on the power of a husband and wife to impose charges upon the homestead, recognizes their power to do this by a mortgage, trust deed, or other lien to secure payment for work or labor, and in constructing improvements upon it; and in absence of legislation declaring the only mode in which this may be done, no good reason is perceived why it may not be mortgaged to secure a debt contracted as a debt must be to bind the homestead for labor or material used in improving it. This applies as well to contract liens as to statutory liens. 279

2. Mechanics' Liens—Constitution.

Article 16, section 37, of the Constitution, provides, that "Mechanics, artisans, and material men of every class shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or materials furnished therefor; and the Legislature shall provide for the speedy and efficient enforcement of said law." This as clearly evidences the solicitude of the people to give protection to the classes named in it, as does the article 16, section 50, to protect the homestead from forced sale, and from liens upon it for any purposes other than those enumerated. This applies only to the statutory liens, as legislation was necessary to fix and enforce them........................................................................... 279

3. Express and Statutory Liens on Homestead.

These two classes of liens differ in the time they take effect, in the extent to which they bind other improvements, the mode of foreclosure, and the limitation of time of foreclosure. See discussion. The rules applicable to one can not be applied to the other.................... 281

4. Express Lien on Homestead—Mortgage.

The power of the husband and wife, in the manner prescribed in the Constitution, to give lien upon homestead, by express contract to secure payment of indebtedness incurred for work or material used in constructing improvements on the homestead, is made clear by the Constitution, which speaks of mortgages and trust deeds, which can exist only through contract...................................... 281

5. Same.

When the agreement or contract made by husband and wife with contractor, mechanic, laborer, or material man, evidences an intent thereby to give lien upon the homestead for labor or material used in improving it, then a lien exists by force of the contract, and may be enforced under the rules applicable to such liens............................. 282

6. Same—Case in Judgment.

Husband and wife, by contract in mode prescribed by law, fixed a lien upon their homestead for labor and material used in building upon it. While the lien was existing the holder of this lien assigned it and his account for labor, etc. Husband and wife thereafter contracted with the holder for an extension of time, and to secure same executed a deed of trust upon the homestead, the debt payable in ten years. *Held*, that the deed of trust was valid.............................. 278, 283

**7. Same—Public Policy.**
Such express lien on homestead for improvements thereon is not against
public policy. See discussion...................... ................ 283

Certified Questions from Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

*Dickson & Moroney*, for appellants.—The facts of this case show no evasion of the homestead law, but rather a scrupulous compliance with its provisions. While an ordinary loan to a head of a family to improve the homestead will not constitute a mechanic's lien, because it does not comply with either the Constitution or the statute, yet there is nothing in either the language or the policy of the law to prevent the owner from arranging in advance for the money to pay the contractor whose contract is entered into and performed in compliance with the Constitution and statutes. Rather does the policy of the law and the dictates of reason, morality, and prudence sanction such a provident foresight. And as a mechanic's lien is assignable, the owner may in this manner secure the person who advances the money. Rev. Stats., art. 266; Bank v. Higgins, 72 Texas, 66; Harris County v. Campbell, 68 Texas, 22; Clark v. Gillespie, 70 Texas, 513; Railway v. Rucker & Montgomery, 59 Texas, 587; Railway v. Daniels, 62 Texas, 70; Hicks v. Morris, 57 Texas, 658 (overruling Malone v. Kauffman, 38 Texas, 454, and Autrey v. Whitmore, 31 Texas, 627); Focke & Co. v. Weishuhu, 55 Texas, 33; Dillon v. Kaufman & Runge, 58 Texas, 696; Ouray v. Sanders, 77 Texas, 278; Loan Co. v. Blalock, 76 Texas, 85; Hart v. Davidson, 84 Texas, 112; Tuttle v. Howe, 100 Am. Dec., 205; Iaege v. Bossieux, 76 Am. Dec., 189; Steamboat v. Hammond, 43 Am. Dec., 556, note.

*Charles I. Evans*, for appellees, cited: Jones v. Alexander, 10 S. & M., 627; Pryor v. White, 16 B. Mon., 605; Emerson v. Steamboat, 10 Wis., 377; Green v. Fox, 7 Allen, 85; Gardner v. Hall, 29 Ill., 277; Enlers v. Elder, 51 Miss., 495; Isaacs v. Swift, 10 Cal., 71; Freeman v. Crain, 3 Coms., 305; Culp v. Chamberlain, 32 N. E. Rep., 376; Hilliard v. Allen, 4 Cush., 532; Gilson v. Emery, 11 Gray, 430; Carrier v. Cummings, 40 N. J. Eq., 145; Wheeler v. Almond, 46 N. J. Law, 161; Henry v. Lynch, 1 N. Y., 780; Mehan v. Thompson, 71 Mo., 492; Cameron v. Marshall, 65 Texas, 7; Martin v. Roberts, 57 Texas, 564; Suth. on Stat. Con., secs. 220, 223, 227; Wood on Lim., 30, 31.

STAYTON, Chief Justice.—The following questions are certified:
" 1. Where a husband and wife, in 1890, desiring to make certain improvements upon their homestead, applied to a party for the loan of money for that purpose, offering to secure the debt by a lien on the home-

stead, and the party declining to make the loan in that way, but agreed with them that if they would have the work done and a mechanic's lien fixed on the property, that he would take up the debt and lien and extend the time of payment for five years; and accordingly the husband and wife arranged with a contractor, by contract in writing duly executed, who erected the improvements, and by agreement between the contractor and the husband and wife a mechanic's lien was duly fixed upon the homestead; and the contractor, while the mechanic's lien was in force, assigned the debt, together with the lien, to such party first mentioned, and the husband and wife executed to such assignee new notes, extending the original debt and lien five years, and a deed of trust upon the homestead to secure them, such deed of trust expressing the original lien, and being properly executed with privy acknowledgment by the wife, does such deed of trust constitute a valid lien upon the homestead?

"2. Can the husband and wife create a lien upon the homestead by express contract for work and material used in constructing improvements thereon, by contracting for same in writing given in the manner required in making sale and conveyance of the homestead, without regard to the statutory mechanic's lien law?

"3. Does the statute prescribing a manner and mode by which mechanics, material men, laborers, etc., can fix upon the homestead, prescribe the only mode by which such lien can be fixed, and prohibit the husband and wife from creating a lien by express contract thereupon?

"4. Does the following language, in the statement of an agreed case, show that an express lien was given, the contract having been entered into before the improvements were made, and same duly acknowledged by the wife, viz.: 'The original mechanic's lien expressly stipulated that the said contractor, his legal representative or assigns, should have a builder's or mechanic's lien on the said property, and on the improvements on the same, to secure the payment of the contract price, with all interest that might accrue on the same; and said lien was by the terms of the contract expressly given and acknowledged to the said contractor or his assigns?'

"5. Where a mechanic's lien has been legally created and fixed upon the homestead, and assigned to a third party, and agreement to extend the time of payment and lien was made, and the husband and wife executed their obligation for said debt, payable in five years in installments, and executing a deed of trust on the property on which the lien existed to secure the payment of such indebtedness, is such deed of trust valid, and can it be enforced against the homestead? In other words, where a mechanic's lien has been legally created and fixed on the homestead, can the husband and wife, by express contract, make a valid and binding obligation by which the homestead can be subjected to such debt, the time

of the payment of the debt being extended beyond the time the same could be enforced under section 17, chapter 98, Acts of Legislature 1889, page 114 ?"

These questions are so related that the consideration of one necessarily involves the consideration of others; and their proper determination involves inquiry as to power of husband and wife to impose a charge upon their homstead, the nature and effect of the mechanic's lien, and the differences between that and such lien as depends solely on contract, as well as the interpretation of the contracts assumed to have been made.

The Constitution provides, that " The homestead of a family shall be and is hereby protected from forced sale for the payment of all debts, except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife, given in the same manner as is required in making a sale of the homestead. * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor or improvements thereon, as herein before provided, whether such mortgage or trust deed or other lien shall have been created by the husband alone or together with his wife." Const., art. 16, sec. 50.

This section of the Constitution, while it operates as a restriction on the power of a husband and wife to impose charges upon the homestead, recognizes their power to do this by mortgage, trust deed, or other lien to secure payment for work or labor used in constructing improvements upon it; and in the absence of legislation declaring the only *mode* in which this may be done, no good reason is perceived why it may not be mortgaged to secure a debt contracted as a debt must be to bind the homestead for labor or material used in improving it.

The Constitution further provides, that " Mechanics, artisans, and material men of every class shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." Const., art. 16, sec. 37.

This section as clearly evidences the solicitude of the people to give protection to the classes named in it as does the former to protect the homestead from forced sale, and from liens upon it for any purposes other than those enumerated.

It also has reference to liens created by law, such as are generally known as mechanics' and material men's liens, and not to liens created by contract, while the classification of liens given in the section first referred to evidently refers to the same class of liens, and also to liens cre-

ated solely by contract, for such is the character of lien given by mortgage or trust deed.

The Constitution required the Legislature to provide by law for the speedy and efficient enforcement of mechanic's and other like liens, and it was competent to pass laws to regulate the procedure through which such liens should become effective, and to make rules looking to their enforcement.

This was necessary for the protection of the mechanic, artisan, or material man, as well as for the protection of persons dealing with the owner of the land in reference to it; and the former would by observance of the law acquire rights subject to be defeated by noncompliance with the rules prescribing the manner and time in which the right must be enforced.

Mechanics' and like liens have no standing under the common or unwritten law, but are the creatures of statutory law, based upon the very just consideration that a person who by his labor or material expended on improvements made on the land of another, under contract, express or implied, that this shall be paid for, thereby increases its value, and ought to the extent of the contract price or value of the thing furnished, to have a lien on the land, of which the improvement becomes a part, to secure payment.

Such liens differ materially in nature and effect from liens which are purely the result of contract, such as mortgages or trust deeds.

Such liens may be said to be inchoate when the facts have transpired which give to the mechanic or material man the right to lien, but they become complete when the statute, requiring the contract or account, with other necessary statement, to be filed and recorded, has been complied with. The lien is then said to be fixed or secured.

There are but few instances in which, for a time, such liens are not secret; but upon evidence of the facts on which they rest being placed on record as required by law, such liens are given effect from inception of the right, and will override liens acquired during the interval the lien may have been essentially secret.

Liens by contract take effect from time of execution, and have no retroactive effect as to third persons. Mechanics' and like liens, when fixed and secured, as to the improvements made, will be given priority over a mortgage or ·like lien existing on the land at the time the facts occur which give right to such lien; while a lien created by contract solely will attach to improvements subsequently made on the land covered by the lien, and will not give way to a junior lien of the same character coming into existence after the improvements were made.

Mechanics' and like liens, when there are more than one on the same property, though arising at different times, are placed upon equality, and their holders are entitled to share ratably in the proceeds of the

property; but no such equality of right between persons holding liens solely by contract exists.

Dissimilarity also exists as to the mode in which these different classes of liens may be enforced, and as to the period of their existence.

The one can be enforced only through the judgment of a court foreclosing the lien and ordering the sale of the property. Act April 5, 1889, Gen. Laws, p. 113.

The other may be thus enforced, or it may be enforced in the manner provided by the contract.

The lien in the one case would cease to be operative, as the law was, if suit was not brought to enforce it within twelve months after it is fixed, although the debt secured by it was still valid and might be enforced through a personal judgment. Gen. Laws 1889, p. 114.

The lien created by contract, however, may be enforced so long as the debt it was given to secure exists, unless limitation be pleaded; and that the debt may be thus barred would furnish no obstacle to its collection by sale of the property under a power given in the instrument creating the lien.

The two classes of liens differing in so many respects, the rules applicable to one can not be applied to the other.

If no lien other than that given by statute existed, then, under the law in force when the contract was made, which has since been repealed, the lien ceased to exist if suit was not brought to enforce it within twelve months after it was fixed.

So much of section 16 of the act as "*provided*, that nothing in this act shall be so construed as in any manner affecting the contract between said owner and original contractor as to amount, manner, or time of payment of said contract price," has no application to the questions certified; for that, in effect, simply declares that persons other than an original contractor who may acquire lien under the statute, must take that right subject to the contract between the property owner and the contractor.

The power of a husband and wife, in the manner prescribed by the Constitution, to give lien on homestead, by express contract, to secure payment of indebtedness incurred for work or material used in constructing improvements on the homestead, is made clear by the Constitution, which speaks of mortgages and trust deeds, which can exist only through contract.

The questions certified show that the contract of the husband and wife with the builder was made in the manner required by the Constitution and statute before the improvement was made, and that the statutory lien was fixed; and they further show that by agreement between husband and wife and contractor a "mechanic's lien" was fixed upon the homestead, by which is understood to be meant that husband and wife, in the contract made, agreed that a lien on the property should exist to secure the price agreed to be paid for the improvement contemplated.

If lien be imposed upon property by agreement between the contracting parties—by contract—it is unimportant what the parties may call it, unless there be that in the contract evidencing their intent thus to limit its operation or to restrict the manner or time for its enforcement.

The facts stated preclude the existence of any such intent by any of the parties to the contract.

The contract husband and wife must make before lien for work or material used in improving their homestead can exist under the statute need not state that it is the intent to give lien to the contractor, and such a statement might not defeat the right of a contractor to fix and secure the statutory lien; but when the agreement or contract made by the parties evidences intention thereby to give lien, then lien exists by force of the contract, and may be enforced under the rules applicable to such liens.

Looking to the character of the lien secured by compliance with the statute, and its effect as to third persons, the Legislature doubtless deemed it proper, or even necessary, to impose restriction upon the enforcement of the right thus given, believed to be unnecessary in reference to liens created by contract, which are not so far reaching.

That by express contract the husband and wife, complying with the requirements of the Constitution, might have given lien on the homestead to the contractor to secure the value of labor and material expended in making improvement upon it, even though credit was by the contract extended beyond the period when a statutory lien was required to be enforced, seems clear; and for reasons before suggested such a contract would not have been unlawful.

The statutory lien existed at the time the new obligation and lien were given, and, with the debt secured by it, was assigned to the person who paid to the original contractor the sum due to him.

The debt incurred by husband and wife on account of improvements has never been paid by them; and the facts stated show that all parties intended that the payment to the contractor should not be deemed a satisfaction of that debt.

Assignment of that debt and execution of new obligation to secure it were in pursuance of an understanding existing when the contract to make improvements was made, and it was the intent of all parties that the beneficiary under the new contract should have the same security for the sum due for improvements as had the contractor who made them, so far as express contract could give it.

A contract made under such circumstances ought to be sustained, unless in violation of express law or contrary to public policy.

There was no law in force expressly prohibiting such a contract.

Whether an act be contrary to public policy must be determined by the nature of the act and its effect, as well as by the spirit of the laws in force at the time the act is done.

If by the laws in force at the time the transaction in question occurred, it had been within the power of a husband and wife, by contract, to create such a lien as might be created by compliance with the statute, then if they had made such a contract, and therein had attempted to extend the period of credit beyond that contemplated by the statute, it may be that such a contract would have been unlawful, because contrary to public policy as then evidenced by the statute.

Husband and wife, however, had no power solely by contract to create such a lien; and that which they did create contravenes no rule founded on public policy, if the transaction was really one whereby it was intended only to secure payment of the value of labor and material actually expended in making the improvements, and not as a subterfuge to cover up a transaction really a basis of money on mortgage of the homestead, which is forbidden by the Constitution.

Considerations which induce and justify legislation giving lien to secure value of labor and material expended in improvements on real property are the same, so far as the improvements are concerned, as without such legislation secures to the vendor a lien on land sold to secure the unpaid purchase money; and the Constitution, on same considerations, as between the parties to contract under which improvements are made, places these two classes of creditors on the same footing as to right to lien on the land itself, and it recognizes the power and right of the owners in the one instance as in the other to fix the lien by contract.

That a lien for improvements on a homestead may be given by express contract does not affect the consideration or principle on which such a lien stands and is permitted.

In the following cases it was intimated that persons by contract might create lien, independent of the statutory lien, to secure payment for labor and material used in making improvements on land: Martin v. Roberts, 57 Texas, 568; Taylor v. Huck, 65 Texas, 241; Claes v. Loan Association, 83 Texas, 53; Mundine v. Berwin, 62 Texas, 343.

This is now held to be correct.

There is nothing in the views expressed in Cameron v. Marshall, 65 Texas, 11, contrary to the suggestions made in the cases above cited; on the contrary, a decision of that question was not attempted.

The principles asserted in the following cases are applicable to the questions certified, viz.: Hicks v. Morris, 5 Texas, 658; Dillon v. Kauffman, 58 Texas, 696; Joiner v. Perkins, 59 Texas, 302; Warhmund v. Merritt, 60 Texas, 24; Eylar v. Eylar, 60 Texas, 315; Pridgen v. Warn, 79 Texas, 588; and their application, with what has been said, leads to an affirmative answer to all the questions certified.

Delivered December 14, 1893.

Justice GAINES did not sit in this case.