VAN HORN TRADING CO. v. DAY et al.

(Court of Civil Appeals of Texas. San Antonio. June 5, 1912.)

1. MECHANICS' LIENS (§ 132*)—LIEN ACCOUNT —FILING—TIME.
   The requirement in Rev. St. 1895, art. 3295, as to the time within which mechanic's lien claims must be filed, is mandatory.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190, 192–207; Dec. Dig. § 132.*]

2. MECHANICS' LIENS (§§ 45, 44*) — CLAIMS SUBJECT TO.
   A statute giving a mechanic's lien for labor done, or materials, etc., furnished for construction or repair of a building, does not give a lien for "meals," "lodging," "sundry expenses" or for "over bill."
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 48, 46; Dec. Dig. §§ 45, 44.*]

3. MECHANICS' LIENS (§ 307*)—ACTION—PERSONAL LIABILITY—VENUE.
   Filing of a claim for a mechanic's lien does not fix a lien if the account was not filed in time, nor govern claims not lienable as affecting venue of an action against the debtors.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 637; Dec. Dig. § 307.*]

4. MECHANICS' LIENS (§ 88*) — "ORIGINAL CONTRACTOR."
   An "original contractor" within Mechanics' Lien Law (Rev. St. 1895, arts. 3294–3315) is one, who, for a fixed price, agrees to perform certain work, and does not include persons doing carpentry work, etc., by the day.
   [Ed. Note.—For other cases, see Mechanics' Lien, Cent. Dig. § 119; Dec. Dig. § 88.*
   For other definitions, see Words and Phrases, vol. 6, pp. 5056, 5057.]

5. VENUE (§ 27*)—SIMULATED TRANSFER—ACCOUNT.
   One's right to be sued on an open account in the county of his domicile cannot be defeated by a simulated transfer of the account for the purpose of conferring jurisdiction on a court of another county.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. § 27.*]

Appeal from District Court, Culberson County; Jas. R. Harper, Judge.

Action by the Van Horn Trading Company against J. R. Day and others. From a judgment transferring the case on a plea of privilege, plaintiff appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am.·Dig. Key No. Series & Rep'r Indexes

Joe Irby, of Van Horn, and R. M. Reed, of El Paso, for appellant. S. W. White, of Van Horn, Chilton & Chilton, of Dallas, and C. W. Croom, of El Paso, for appellees.

FLY, J. This is an appeal from a judgment of the district court of Culberson county, by which the suit of appellant on an account and laborer's lien against Geo. E. Darsey, J. R. Day, and Levi Anderson was on the plea of privilege of the latter two transferred to the district court of Tom Green county. Appellant sued on an account alleged to be due for the services and work of Geo. E. Darsey in building certain houses in Van Horn, Culberson county. The account, with a lien on the houses, had been sold and transferred to appellant by Darsey. The account was attached to and made a part of the petition, and was for $1,033.90. The account was for wages due Geo. E. Darsey, his four sons, and Roy Lavell, with the exception of $300 for "meals provided at opening," $25 for "lodging," $60.10 for "sundry expenses," and $27.35 for "over bill." Darsey swore to his account to fix the lien on the houses on May 22, 1911, and filed the same on May 24th. In his affidavit he stated that the amount of the account was due on February 15, 1911, more than three months before the affidavit was made or the account and affidavit filed. In the plea of privilege, it was alleged that the transfer of the account and lien by Darsey was made to fraudulently confer jurisdiction on Culberson county and that he had been made a defendant for that purpose, and also that Darsey was not a contractor, but a mere day laborer, as shown by the pleadings, and, more than 30 days having elapsed after the debt became due before he sought to fix the lien, he had obtained no lien.

[1] In order to fix and secure a lien by an original contractor, when there is no written contract, he must file an itemized account of his claim, supported by affidavit, within four months from the time when the indebtedness accrued, and, in case of a journeyman, day laborer, or other person, the account must be filed in 30 days from the time the account is due. Article 3295, Rev. Stats. The time limit fixed in the statute is mandatory. Cameron v. Marshall, 65 Tex. 7; Lippencott v. York, 86 Tex. 276, 24 S. W. 275; Claes v. Loan Association, 83 Tex. 50, 18 S. W. 421.

[2, 3] While it is alleged that Darsey was a contractor, the account clearly shows that he was only a day laborer, and consequently was compelled to file his itemized account within 30 days from February 15, 1911, when he swore the debt was due. Of course, the "meals for the opening" and other items, except for wages, could not be made the basis of a mechanic's, contractor's, builder's, or laborer's lien, because not included in "labor done, lumber, material, machinery or

fixtures and tools furnished for construction and repair." The other items, as before stated, are for "wages," and cannot be due under a contract made with Darsey to build certain houses. The filing of the account did not fix a lien on the buildings and lots on which they stand, and Darsey did not have the authority, therefore, to institute a suit by virtue of a lien in Culberson county, and could not transfer it to appellant.

[4] The term "original contractor" used in the statute (Rev. St. 1895, arts. 3294–3315) is used in its usual sense, and designates one who for a fixed price agrees to perform certain work for some one. No allegation of any certain fixed price for building the houses was made, but, on the other hand, the suit was for wages for labor rendered on certain specified days, some of it being carpenter's work, some for work on a well, and some for surveying.

[5] The trial judge did not err in holding that the transfer of the account to appellant gave no jurisdiction over the persons of appellees. The evidence sufficiently shows that there was only a simulated transfer for the purpose of conferring jurisdiction on the court. Appellant and Darsey had the same attorney, although one client was a plaintiff and the other a defendant, and appellant had never paid anything whatever to Darsey for the account. J. Y. Canon, appellant's manager, testified: "If Darsey should come and ask for the goods, I suppose we would let him have them. If we do not win this case against Day and Anderson, we would not let Darsey have the goods." That testimony clearly shows that there had been no real transfer of the account.

It is, and always has been, in Texas the cherished policy of the law that citizens shall be sued in the counties in which they have their domiciles, and the law will not tolerate a defeat of that policy by fraudulent transfers or simulated contracts. The court properly transferred the cause to the county of the domicile of appellees.

The judgment is affirmed.