BOWERS v. BENNETT et al. (No. 7577.)

(Court of Civil Appeals of Texas. Galveston. April 18, 1918.)

HOMESTEAD ⬦⇒115(3)—IMPROVEMENTS—TRUST DEED—SALE.

A husband and wife owning property entered into a written contract for the building of a house thereon, and agreed that the builder should have a mechanic's lien, for labor and material, the building cost to be paid in yearly installments of $400, for which they gave five notes for $400 each, secured by deed of trust, providing that on default in the payment of any part of the indebtedness the trustee might sell the property and apply the proceeds thereon, and a purchaser from the owners assumed the notes, and the property was sold under the trust deed. Const. art. 16, § 50, permits the sale of a homestead to enforce a mechanic's lien only when the work and material are contracted for in writing with the consent of the wife, and

Rev. St. 1911, art. 5630, provides that a sale to enforce a mechanic's lien must be upon judgment rendered by some court of competent jurisdiction, foreclosing the lien and ordering a sale. *Held,* that the sale under the deed of trust was a sale under a contract, and not a statutory lien, and was valid.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by Annie L. Bowers against Herbert Bennett and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Atkinson, Graham & Atkinson, of Houston, for appellant. Fred R. Switzer, of Houston, for appellees.

PLEASANTS, C. J. The facts upon which this litigation arose are undisputed and are as follows:

On February 12, 1909, W. S. Jackson and his wife, Margaret Jackson, who owned the property involved in this suit, entered into a written contract with J. R. Brubaker to build for them a residence upon the property and agreed to pay him for the material and labor used in the construction of said residence the sum of $2,000, and for the payment of which sum it was agreed and stipulated in the contract that Brubaker should have a materialman's, mechanic's, and laborer's lien on the property. This contract was duly executed and acknowledged by all the parties thereto. On the same day, and as a part of the same transaction, there was an assignment by Brubaker of his right to the $2,000 compensation due him upon the completion of his contract, together with the liens given in the contract to secure the same, to B. A. Everts, who then agreed with the Jacksons that the $2,000 should be paid in yearly installments of $400, with interest at the rate of 8 per cent. per annum. In pursuance of this agreement the Jacksons executed five notes for $400 each, payable to the order of B. A. Everts in 1, 2, 3, 4, and 5 years, respectively, from date, and to secure the payment of these notes executed a deed of trust in which E. L. Dennis was appointed trustee. The deed of trust recited the facts above stated, and authorized the trustee in event of default in the payment of any part of the indebtedness thereby secured to sell the property after advertising the sale in the manner required by the statute and apply the proceeds to the payment of the indebtedness.

The residence was constructed by Brubaker in accordance with the contract, and was occupied by the Jacksons as their homestead until June 17, 1911, when they sold it to J. L. Bowers for the sum of $4,000. Of this amount Bowers paid $2,100 in cash, and assumed the payment of three of the $400 notes in favor of Everts, which were then unpaid. He also executed two notes for $350 each in favor of the Jacksons, and secured by a vendor's lien on the property. These two notes were paid by J. L. Bowers

on September 20, 1911. J. L. Bowers married the appellant herein on May 21, 1912, and the property was occupied by him and appellant as their homestead until his death in April, 1916. Prior to August, 1915, J. L. Bowers paid all of the $400 notes above mentioned, except the fifth and last one, and paid $100 on that, leaving a balance of $300 and interest due thereon. On the date last named Everts transferred and assigned the unpaid note to V. H. Roos. The balance due on this note remained unpaid, and at the request of the holder, A. C. Van Velzer, who was appointed substitute trustee, the said E. L. Dennis having died, advertised the property for sale in accordance with the terms of the trust deed. After due advertisement the property was sold on September 7, 1915, and the appellee herein became the purchaser for the sum of $363. At the time of this sale appellant with her husband, J. L. Bowers, lived on this property, and has continued to reside thereon.

The appellee is the daughter of J. L. Bowers by his former wife, and was living with the appellant and said Bowers at the time she purchased the property. She did not record her deed from the trustee, Van Velzer, until February 20, 1916. Shortly after the record of this deed, J. L. Bowers having theretofore died, appellant brought this suit against Jessie Mae Bennett and her husband, Herbert Bennett, and the trustee Van Velzer, to cancel the deed executed by Van Velzer to Mrs. Bennett and to recover possession of the property. In her petition appellant offers to redeem, and tenders into court the amount paid by Mrs. Bennett for the property with interest. The trial in the court below without a jury resulted in a judgment in favor of defendants.

The first assignment of error presented in appellant's brief and the proposition submitted thereunder are as follows:

"The court erred in holding that the sale made by A. C. Van Velzer, substitute trustee, September 7, 1915, to satisfy said balance due on said mechanic's and materialman's lien, was valid and binding under said deed of trust dated April 1, 1909, because under article 5630 of the Revised Statutes of Texas such sales can only be made upon judgment of a court of competent jurisdiction foreclosing said lien and ordering the property sold, and said sale was and is void."

"Every sale of real estate made to satisfy a mechanic's and materialman's lien must be upon judgment rendered by a court of competent jurisdiction foreclosing such lien and ordering sale of such property, and said property cannot be sold by the trustee or substitute trustee under the powers conferred in a deed of trust given on said property to secure the indebtedness thereon, but said mortgage lien created by said deed of trust must be foreclosed upon judgment rendered by a court of competent jurisdiction ordering said property sold, otherwise the sale by the trustee or substitute trustee and the trustee's deed are void and do not pass title."

The exact question presented by this assignment has been decided by our Supreme Court adversely to appellant's contention.

Lippencott v. York, 86 Tex. 276, 24 S. W. 275; Loan Association v. Goforth, 94 Tex. 259, 59 S. W. 871. In the case of Lippencott v. York, supra, the facts were:

"A husband and wife, * * * desiring to make certain improvements upon their homestead, applied to a party for the loan of money for that purpose, offering to secure the debt by a lien on the homestead, and the party, declining to make the loan in that way, but agreed with them that if they would have the work done, and a mechanic's lien fixed on the property that he would take up the debt and lien, and extend the time of payment for five years, and accordingly the husband and wife arranged with a contractor, by a contract in writing duly executed, who erected the improvements and by agreement between the contractor and the husband and wife a mechanic's lien was duly [executed and] fixed upon the homestead; and the contractor, while the mechanic's lien was in force, assigned the debt, together with the lien, to such party first mentioned, and the husband and wife executed to such assignee new notes, extending the original debt and lien five years, and a deed of trust upon the homestead to secure them, such deed of trust expressing the original lien, and being properly executed with privy acknowledgment by the wife."

It was held by the court that the deed of trust given under the above state of facts was a valid lien upon the homestead, and in passing said the Constitution of the state provides:

"No mortgage, trust deed, or other lien on the homestead shall ever be valid except for the purchase money therefor or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien shall have been created by the husband alone or together with his wife. Constitution, art. 16, § 50. This section of the Constitution, while it operates as a restriction on the power of a husband and wife to impose charges upon the homestead, recognizes their power to do this by mortgage, trust deed, or other lien to secure payment for work or labor used in constructing improvements upon it."

The court then takes up the distinction between statutory and contract liens, and then states:

"The one can be enforced only through the judgment of a court foreclosing the lien and ordering the sale of the property. Act April 5, 1889 (General Laws, p. 113). The other may be thus enforced, or it may be enforced in the manner provided by the contract. The lien in the one case would cease to be operative, as the law was, if suit was not brought to enforce it within twelve months after it is fixed, although the debt secured by it was still valid and might be enforced through a personal judgment. General Laws 1889, p. 114. The lien created by contract, however, may be enforced so long as the debt it was given to secure exists, unless limitation be pleaded; and that the debt may be thus barred would furnish no obstacle to its collection by sale of the property under a power given in the instrument creating the lien."

Section 10 of the act of 1899, construed by the court in the Lippencott Case, is now article 5630 of the Revised Statutes, cited by appellant.

The remaining assignments of error presented in appellant's brief only raise in another form the identical question presented by the first assignment. This question being

settled against appellant's contention, it follows that the judgment of the court below must be affirmed, and it has been so ordered.

Affirmed.