**TURNER et ux. v. GROVES LUMBER CO.**
**No. 13141.**

Court of Civil Appeals of Texas. Dallas.
Dec. 7, 1940.

Bird & Bird, of Dallas, for appellants.

Harry I. Freedman and Franklin E. Spafford, both of Dallas, for appellee.

PER CURIAM.

Appellants, husband and wife, are here for review of an order appointing a receiver, after notice and hearing. The Lumber Company, plaintiff in the trial court, had previously filed suit on a mechanic's lien contract, note, and deed of trust, claiming that it had sold and delivered building material to the Turners and contractor McKay, furnished labor, pay rolls, and cash, in the construction of a four-room dwelling and eight tourist cabins on acreage of defendants; that a balance of $4,105.11 was past due and unpaid on an original note of $5,000, the obligations of the lien instruments not having been performed; asserting right of foreclosure as owner and holder of a valid contract and constitutional lien on said property and improvements; also praying for receiver under allegations based on Sec. 2, Art. 2293, V.C.S. Defendants' pleadings on the receivership hearing were, in substance, that all instruments above mentioned were wholly invalid, in that same bore false dates, being executed and acknowledged many months afterward; that the mechanic's lien papers show one George McKay as contractor, who was a "dummy" and total stranger to all transactions had with the Lumber Company; also raising the issue of homestead, and fraud in the inception of such purported contract liens. The balance of debt still due does not appear to be controverted by defendants either in pleading or testimony. Although defendants claim a homestead in the mortgaged property prior to the execution of all instruments above mentioned, the point is not stressed on this appeal, unless in their single proposition that such contracts are inherently void.

It is, of course, improper to discuss at this time the weight and sufficiency of testimony bearing on ultimate issues between the parties. However, the trial court has the discretion on preliminary hearing to determine that certain property should be placed in custodia legis, pending a trial on the merits; in other words, that a prima facie case has been made for the relief sought. We cannot hold, at this stage of the litigation and as a matter of law, that the alleged liens are void because various theories are advanced by plaintiff whereby both the mechanic's lien and the deed of trust lien may be found valid and effective instruments. In point, and cited by appellee, are the following authorities: Art. 5932 (Neg.Inst.Act), sec. 9 (3), 41 C.J. (Mortgages) p. 385, § 197; 10 C.J.S., Bills and Notes, § 129, page 581; 10 T.J. p. 116

(Contracts); 29 T.J. p. 497 (Mechanics' Liens); 29 T.J. p. 824 (Mortgages); Mundine v. Berwin, 62 Tex. 341, 343; Wilson v. Hinton, 131 Tex. 593, 116 S.W.2d 365.

On the other hand, the defenses of appellants are simply fact questions for adjudication on final trial. At this juncture, the appointment of a receiver, pending disposition of plaintiff's action to foreclose liens on realty, is a matter primarily within the trial court's discretion; and no discernible abuse thereof appears in this record. The order appealed from must be affirmed.

Affirmed.