CARTHAGE ICE & LIGHT CO. v. ROBERTS et al.

(Court of Civil Appeals of Texas. Texarkana. March 18, 1914. Rehearing Denied April 9, 1914.)

1. MASTER AND SERVANT (§ 82*)—LIENS—PERFECTION.

Where plaintiff contracted to perform personal services at a yearly wage, and at the expiration of the first year agreed that payment of the balance due him should be deferred, that agreement did not preclude him from acquiring a laborer's lien for services performed during the second period of service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 128–134; Dec. Dig. § 82.*]

2. APPEAL AND ERROR (§ 909*) — PRESUMPTIONS.

In an action to perfect a laborer's lien on property which the court found the defendant had taken by legal process, and upon which plaintiff alleged defendant was asserting some lien, it cannot be presumed on appeal that defendant had acquired possession by valid process or had any valid lien, the trial court having found for the full amount of plaintiff's claim, although the time for payment of a part had been extended, and plaintiff's allegations as to

defendant's assertion of a lien having been traversed by defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Action by L. H. Roberts against the Carthage Ice & Light Company and another and the Security Trust Company. From a judgment for plaintiff, the last-named defendant appeals. Affirmed.

The appellee L. H. Roberts brought the suit to recover $853.88 as the balance due for manual labor and services performed by him for R. E. Trabue, doing business under the name and style of the Carthage Ice & Light Company, and to enforce a laborer's lien upon particular machinery of the plant. The petition alleged, as determined by the trial amendment, that plaintiff Roberts contracted to work for R. E. Trabue in his ice and light plant in the capacity of a machinist to repair and keep in good order the engine, boilers, pulleys, and apparatus used in connection with the machinery for manufacturing ice and generating light, and for such labor was to be paid $900 per year, payable at the end of the year from date of employment. The plaintiff performed the duties of his employment, it is alleged, from July 1, 1911, to February 15, 1913, and was paid therefor by R. E. Trabue by store account, except for the sum sued for. The Security Trust Company, a corporation, was made a defendant in the suit, upon the allegation that it was asserting some kind of a claim or lien, of a character unknown to plaintiff, on the property. It is unnecessary to mention the other defendants, as they do not appeal. The defendant Security Trust Company answered by demurrer and special exceptions, and besides a general denial specially averred that appellee was not within the class of laborers entitled to a lien under the statutes, and that his lien was invalid because not in fact filed and fixed within 30 days after the indebtedness had accrued, and estopped by waiver of claim for any lien. The case was tried by the court without a jury, and judgment was entered for the appellee for the amount of his account and foreclosure of laborer's lien on the particular machinery described. The Security Trust Company appeals, and seeks to have the judgment revised on the errors assigned.

The Carthage Ice & Light Company is neither a corporation nor a joint-stock company nor a partnership, but is a plant owned entirely by R. E. Trabue, and merely operated under such name by R. E. Trabue. The evidence warrants the findings of fact that appellee Roberts performed work upon machinery and apparatus in connection therewith as a laborer, as alleged, in the ice and light plant owned exclusively by R. E. Trabue, and under express employment and agreement of the amount to be paid by R. E. Trabue, from July 1, 1911, to February 15, 1913, at which latter date Roberts' employment was terminated. On February 15, 1913, there was due and owing and unpaid by R. E. Trabue to Roberts, for his labor performed during the preceding 11½ months the sum of $853.88, and there is no question made in the evidence in respect to the validity of this amount or its correctness. On February 28, 1913, which was the true date, the statutory affidavit was filed by Roberts with R. E. Trabue and the county clerk in support of his claim for the purpose of fixing the statutory lien. The instant suit was filed by Roberts on March 28, 1913. The finding of the court that the Security Trust Company took the property out of the possession of R. E. Trabue "by legal process" is without any evidence in the record to support it. The further findings of the trial court in the record which are here approved can be looked to, if necessary.

Baker, Botts, Parker & Garwood, Jno. T. Garrison, and W. A. Parish, all of Houston, for appellant. Brooke & Woolworth, of Carthage, for appellees.

LEVY, J. (after stating the facts as above). [1] The first and second assignments of error presented by the appellant, Security Trust Company, can be here considered together as presenting the same question. The contention under the assignments is in effect that the court erred as a matter of law in enforcing a laborer's lien on the particular property as against the title and claim to the same made by the Security Trust Company, because it appears under the pleading and proof the services, the value of which was sued for by Roberts as performed by him from July 1, 1911, to July 1, 1912, were accrued and payable under the terms of employment on July 1, 1912, and the maturity of the demand was postponed by contract between Roberts and his employer, Trabue, until July 1, 1913. The appellee Roberts' petition, amended by a trial amendment, alleged that he labored in the ice and light plant, at the duties required of him as a machinist, under hire and employment of R. E. Trabue, the owner of the plant, from July 1, 1911, to February 15, 1913, at the agreed pay of $900 per annum, payable at the expiration of a year, and that on February 15, 1913, the day his employment was terminated, R. E. Trabue was due and owing him $853.88, all credits and offsets being fully allowed. Appellee further alleges that as to the services performed from July 1, 1911, to July 1, 1912, for which payment was due by the terms of employment on July 1, 1912, he and R. E. Trabue agreed to extend the period of demand and payment until February, 1913. The court makes the finding, and same is warranted by the evidence,

that after proper credits and offsets were allowed R. E. Trabue, he was owing the plaintiff Roberts, on February 15, 1913, the sum of $853.88 for services. If the petition and the facts found by the court should properly be construed to mean, and we think they reasonably did mean, that appellee Roberts was asserting a demand, as unpaid, for his services from July 1, 1912, until February 15, 1913, as well as the balance unpaid from July 1, 1911, to July 1, 1912, then there is not shown any agreed extension of due date of the whole demand. There would appear an agreed extension of due date only so far as the demand of the year from July 1, 1911, to July 1, 1912, remaining unpaid by Trabue, is concerned. And interpreting the finding of the court that there was due on February 15, 1913, the aggregate sum of $853.88, as meaning—which we think must be done—that no part of the sum due from July 1, 1912, to February 15, 1913, had been paid or entitled to credit or offset, there appears due and owing by R. E. Trabue to Roberts 7½ months' pay under the second year, aggregating $562.50, leaving only $291.38 of the $853.88 as due in the first year. Consequently, if appellant is entitled to make the question presented by the assignments, it could only, under the pleading and facts, be made by it so far as the amount due for services from July 1, 1911, to July 1, 1912, is involved. And the assignments only attack the right to a laborer's lien at all, and do not question the extent of the recovery as to amount for which the property is subjected to the lien.

[2] But it is not believed, as the record is made here, that appellant is in a legal position towards the property to make any contention in respect to the invalidity, if it be so, of a laborer's lien, even to the extent of the amount agreed to be extended for one year. If the appellant, Security Trust Company, is the owner, or has any lien, claim, or interest in the property on which appellee asserts a laborer's lien, it does not so appear by any finding of the trial court, or by pleadings, or by any evidence in the statement of facts. It does appear in a finding by the court that the Security Trust Company took possession of the property through legal process on February 15, 1913. But this is the extent of the finding. The "legal process" does not appear in the record, or as offered in evidence in support of a claim by appellant; and we cannot assume, as against the court's judgment, that he found the legal process was valid or not dismissed at the time of the trial, or that appellant had a claim or title through it, for the court's judgment involves a contrary finding. And while appellee alleges that appellant is asserting some character of claim or lien unknown to plaintiff, we cannot, as against appellant's general denial of all facts alleged by plaintiff, look to that and presume some valid claim in ap-

pellant to the property. It was essentially a matter of proof by appellant if superiority of claim or interest to appellee is to be predicated by appellant. The assignments are overruled.

R. E. Trabue does not appeal; and, the Ice & Light Company being purely a fiction without legal entity, it cannot be properly held that there is any other appellant before this court than the Security Trust Company.

The third assignment cannot be considered, as not being in the motion for new trial; and, if it should be considered, the same is overruled for the reason given under the previous assignments.

The judgment is affirmed.