No. 5623.

QUINN & ROACH *v.* E. R. LOGAN ET AL.

1. MECHANIC'S LIEN—REGISTRATION.—The statute which requires the registry of the bill of particulars of work and labor performed by a mechanic, to fix a mechanic's lien, does not require that the record shall be made in a book kept exclusively for that purpose. The lien is fixed if properly recorded in a book in which also mortgages are recorded.

2. SAME.—The statute requires that liens shall be recorded separate from absolute conveyances, but it does not follow that liens of different characters shall be recorded separate from each other. (Rev. Stat., art. 4304.)

3. REGISTRATION—PLEADINGS.—A petition alleged that the record of the bill of particulars to fix a mechanic's lien was made in a book kept for the purpose of recording mechanics' liens; the allegation was sustained by evidence that the record was made by the clerk, in a book· in which such liens were habitually recorded, and in which also mortgages were recorded.

APPEAL from Clay.   Tried below before the Hon. B. F. Williams.

*Davis & Garnett,* for appellants, cited Revised Statutes, Articles 3164–3168; Pool v. Wedemeyer, 56 Texas, 287; Swope v. Stantzenberger, 59 Texas, 387; Phillips on Mechanics' Liens, section 378.

*Barrett & Stine,* for appellees, cited Revised Statutes, Article 6155; Ferguson v. Ashbell and Simpson, 53 Texas, 249; Lee & Co. v. Phelps, 54 Texas, 369; Lee v. O'Brien, 54 Texas, 635; Phillips on Mechanics' Liens, sections 297, 338; Revised Statutes, article 3165; Phillips on Mechanics' Liens, sections 15, 367; Rafter v. Sullivan, 13 Abbott's Practice, 262; Cheney v. Wolf, 2 Lansing (N. Y.), 188; Phillips on Mechanics' Liens, section 368; Faulkner v. Colshear, 39 Indiana, 201.

WILLIE, CHIEF JUSTICE.   The entry of the judgment below recites that the exceptions of the defendants to the plaintiffs' petition were sustained; but in this court only one of these exceptions is relied on as sufficient to justify this ruling of the district judge.

It is here contended that the mechanic's lien claimed by the appellants had not been fixed upon the property described in the petition, and this for the reason that no proper record of the bill of particulars had been made by the county clerk.   The certificate of the clerk to the bill of particulars, made an exhibit to the petition, shows that it was a copy taken from the book in which mortgages were recorded.   The appellees claim that the law does not contemplate that the record of mechanics' liens shall be made in such a book, but that it must be made in a book kept specially for the record of such liens and for no other purpose.

But this is not the language of the statute regulating these liens.   They must be recorded in a book to be kept by the clerk for that purpose; but that the record of other liens may not be kept in the same book, is not declared, nor is it to be deduced from any of our statutes bearing upon the question.   On the

contrary, the county clerk is required to record deeds of trust, mortgages, judgments recorded for the purpose of creating a lien, or other instruments of writing intended to create a lien, in a book or books separate from those in which deeds or other conveyances are recorded. (Rev. Stat., art. 4304.) This statute contemplates that liens shall be recorded separately from absolute conveyances but not from each other. The book in which they are registered is kept for the purpose of recording every instrument intended to create a lien, and the contract of a mechanic or his bill of particulars are intended, when recorded, to have that effect.

There may be no objection to registering mechanics' liens in a book to themselves, but if the clerk habitually records them in the same book with mortgages, he keeps that book for the purpose of recording such liens, and complies literally with the statute.

It is alleged in the present petition that the record was made in a book kept for recording mechanics' lien; which allegation, taken in connection with the fact that the record was actually made in the book of mortgages, makes a case where the clerk kept the book in which mortgages were recorded for the purpose also of recording therein liens of the character claimed by the plaintiffs in the present suit. In this he fulfilled the requirements of the statute, and we think the petition was good against the objections urged to it in this court.

The other exceptions, not being insisted on or supported by the record, will not be considered.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 8, 1887.