O. T. BASSETT v. G. S. BREWER ET AL.

No. 6721.

1. **Material Men—Lien—Affidavit.**—It is a substantial compliance with Revised Statutes, articles 3165 and 3166, that the form of affidavit to an account filed given in article 3166 be followed, without including the words "that all just and lawful offsets, payments, and credits have been allowed."

2. **Filing—Equivalent to Record.**—If the material man's claim and affidavit be filed within thirty days after the accrual of the indebtedness the lien is fixed under the statute, although the actual record was not made by the clerk until after the thirty days.

3. **Case in Judgment.**—A material man's indebtedness accrued August 20, 1887; his account, verified in form prescribed in article 3166, was filed with the clerk September 19, and was recorded September 20, 1887. *Held,* that the statutory lien thereby attached.

APPEAL from El Paso. Tried below before Hon. T. A. Falvey.

Appellant Bassett sued in the District Court of El Paso to foreclose a lien claimed by him as a material man and lumber dealer on certain lots belonging to appellee Schuster, in the city of El Paso, by reason of the fact that appellant furnished to appellee Brewer, original contractor with Schuster, lumber and material used in the erection of a certain house for said Schuster on said lots, and prayed for a balance due by said Brewer of $419.15, and asking for a foreclosure of the lien against Schuster.

Appellant claimed that his lien was duly fixed by filing his account, duly verified for record, with the county clerk of El Paso County. The certified copy of the account shows the indebtedness to have accrued on the 20th day of August, 1887, and that the verified account was filed for record on September 19, 1887, and recorded on September 20, 1887.

The affidavit verifying the account does not contain the phrase "that all just and lawful offsets, payments, and credits have been allowed."

The exceptions of the appellee Schuster to the petition were sustained; because:

1. The petition showed on its face that the verified account was not recorded within thirty days from the date of the accrual of the indebtedness.

2. The affidavit did not contain the language, "that all just and lawful offsets, payments, and credits have been allowed."

The cause was dismissed as to Schuster, and as the court had no jurisdiction of the cause of action as against Brewer it was also dismissed as to him.

*Crosby & Edwards,* for appellant. — 1. An affidavit to an account in favor of a material man or lumber dealer, whether an original contractor or otherwise, that substantially conforms to the form laid down in article 3166 as same is amended by Nineteenth Legislature, is sufficient to fix and secure the lien without also using the phrase "that all just and lawful offsets, payments, and credits have been allowed," or equivalent words. Rev. Stats., art. 3166; Acts 19th Leg., p. 64. A substantial compliance with the requirements is all that is required. Mundine v. Berwin, 62 Texas, 341; Phill. on Mech. Liens, secs. 14, 16, 17.

2. In order to fix and secure the lien in favor of a lumber dealer or material man who is not an original contractor, it is only necessary to file the verified account in the office of the county clerk of the county in which the property is situated within thirty days after the indebtedness shall have accrued. Rev. Stats., art. 3165, as amended by the 19th Leg., pp. 63, 64, especially the language of the proviso added by the amendment, and the effect given to the word "filing" in arts. 3176, 3179 as amended, and the word "filed" in art. 3178, as amended; Rev. Stats., arts. 4298, 4299; Throckmorton v. Price, 28 Texas, 605; Mundine v. Berwin, 62 Texas, 341.

The following Texas cases use the word "filing" alone as sufficient to fix the lien; and although the point is not called to the attention of the court in any of them, the language shows that the court considered the filing sufficient: Read v. Gillespie, 64 Texas, 42; Pool v. Wydemeyer & Schultz, 56 Texas, 298; Ferguson v. Ashbell & Simpson, 53 Texas, 249; Huck v. Gaylord, 50 Texas, 582; Lyon v. Logan, 68 Texas, 521.

The failure of a public officer to perform his duty will not affect the lien. Phill. on Mech. Liens, secs. 297, 336, 340.

*Millard Patterson,* for appellees. — 1. The itemized account of a material man not having a written contract and not an original contractor, filed to secure a lien under the provisions of chapter 2, title 61, Revised Statutes, must be supported by affidavit showing not only that it is "just and correct," but also that "all just and lawful offsets, payments, and credits have been allowed." Rev. Stats., art. 3165; Duer v. Endres, 1 Ct. App. C. C., sec. 323.

2. In order to secure the lien contemplated by the statute a material man who is not an original contractor, and who has no written contract, must not only file his itemized verified account in the office of the county clerk, but must also cause the same to be recorded in a book to be kept by the county clerk for that purpose within thirty days after the

indebtedness shall have become due. Cameron & Co. v. Marshall, 65 Texas, 7; Ferguson v. Ashbell & Simpson, 53 Texas, 250; Rev. Stats., arts. 3165–68; Phill. on Mech. Liens, secs. 332, 385, 485.

HOBBY, JUDGE.—The construction of articles 3165 and 3166 of the Revised Statutes (Sayles' Laws of 1885, p. 63) is involved in the question presented upon this appeal.

This was a statutory proceeding instituted in the District Court of El Paso County to foreclose an alleged lien claimed by the plaintiff—appellant—as a material man and lumber dealer, on the lots described belonging to appellee Schuster, by reason of the fact that appellant furnished to appellee (Brewer), original contractor with Schuster, the material used in the erection of a certain house for said Schuster on said lots. The account filed showed a balance to be due by Brewer of $419.15. A foreclosure of the lien was prayed for against Schuster.

It was alleged in the petition that the amount sued for "became due and owing on the 20th day of August, 1887." The "sworn account of the demand due" plaintiff was filed for record in the office of the clerk ·of the County Court on the 19th day of September, 1887, the thirtieth day after the accrual of the indebtedness. But it was not recorded until the 20th day of September, 1887. The petition was excepted to on the ground that it showed upon its face that the verified account was not recorded within thirty days from the date of the accrual of the indebtedness, which exception was sustained.

It is provided by article 3165 that every journeyman, day laborer, or ·other person seeking to obtain the benefit of the article shall, within thirty days after the indebtedness shall have accrued, file an itemized account of the claim in the office of the county clerk of the county where the property is situated. The purpose being to give notice to third persons of the existence of this lien.

In Throckmorton v. Price, 28 Texas, 605, where the title to realty was involved, it was held in effect that a party having properly *filed* a deed with the clerk is not prejudiced by that officer's neglect to *record* it.

It is a generally accepted principle of law that private or individual rights shall not be forfeited or lost by reason of neglect or failure, as in this case, of the officer to perform his duty. Magee v. Chadoin, 30 Texas, 644. It is upon this principle that it has been held "that the right of the owner of a genuine land certificate to vacant public domain attaches at the date of the *file* and application to the proper officer for its survey, .and can not be defeated by the officer's refusal or neglect to accept the location, or by the issuance of a patent to another." Montel v. Speed, 53 ·Texas, 339.

Nothing more can be reasonably required of the person desiring to fix the lien by its registry than to deliver to the officer the "sworn account

of the demand due him" to be filed and recorded. It is no part of his duty to see that the clerk does his by an actual record of it. We think the court erred in sustaining the exception to the petition on the ground mentioned, the claim showing upon its face that it was *filed* with the clerk within thirty days from the accrual of the indebtedness. The affidavit in this case attached to the itemized account of the appellant it is true does not contain the language used in article 3165, "that all just and lawful offsets, payments, and credits have been allowed," but it is substantially the affidavit prescribed by article 3166, which article provides with particularity what shall be done to comply with that part of article 3165 which refers to unwritten contracts. The appellant having complied with the form furnished by article 3166, it was not necessary that any other language should have been used.

We think the court erred in sustaining the exception to the affidavit on the ground that it did not contain the language "that all just and lawful offsets, payments, and credits have been allowed," and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 22, 1889.