R. B. LIGNOSKI AND WIFE ET AL. v. L. M. CROOKER ET AL.

No. 76.

**1. Homestead—Mechanic's Lien.**
  Under the Constitution an express lien may be made upon the homestead by the husband and wife, with privy examination of the wife, to secure payment for labor and material to be furnished to improve such homestead .................................................. 327

**2. Express Liens for Improvements on Homestead.**
  Such liens have force, although not recorded as required in case of statutory liens upon the homestead for work and labor thereon .......... 327

**3. Filing Instrument for Record.**
  Article 4299, Revised Statutes, prescribes that " every such instrument of writing shall be considered as recorded from the time it was deposited for record." Subsequent purchasers were charged with notice of the liens in controversy, which were express liens, from the dates of filing, regardless of irregularity of record. Article 4304 is but directory... ............................................................. 327

**4. Evidence of Lien as Against Subsequent Purchasers.**
  Article 2262, Revised Statutes, prescribing that where an instrument declared on is charged to have been executed by the other party, etc., it shall be received in evidence without the necessity of proving its execution, does not render such instrument evidence without proof against a vendee from the party executing it of property affected thereby. The liens executed by Lignoski and wife were not admissible, without proof, against their vendee over his objection.......... 328

**5. Filing Recorded Instrument.**
  Article 2257, Revised Statutes, is sufficiently complied with by attaching the recorded instrument to the petition as an exhibit, thus making it part of the pleadings. This is sufficient notice of filing ............. 329

ERROR to Court of Civil Appeals for Third District, in an appeal from District Court of Travis County.

Associate Justice KEY did not sit in the case in the Court of Civil Appeals.

The suit was brought October 11, 1889, by L. M. Crooker, surviving partner, etc., against R. B. Lignoski and his wife, Ella Lignoski, and against their vendee, A. G. Creath, to enforce an express lien for material and labor furnished.

The petition set out and the evidence showed two contracts, signed by said Lignoski and wife, with privy acknowledgment of the wife. The

instruments were also acknowledged for record by the husband. One of these contracts bore date September 8, 1886, and stipulated for labor and material to amount of $1400 upon lots 1 and 2 in block 23, in Swisher's Addition to the city of Austin, upon which and the improvements a mechanic's lien was expressly given. This instrument was filed for record September 16, 1886, and thereafter was recorded in the record book for deeds in said county of Travis.

The other contract bore date November 10, 1886, and stipulated for labor and material to be furnished in buildings upon the same lots to amount of $350. This was between the same parties, and was duly acknowledged by husband and wife. It was filed for record November 11, 1886, and thereafter recorded in record of deeds.

The pleadings and evidence showed the items furnished under the contracts, which were attached to an amended petition as exhibits.

The defendant Creath was made a party defendant as purchaser of the lots, and foreclosure asked against him.

October 23, 1886, L. Eck intervened, alleging his purchase before maturity of a mechanic's lien for $100, executed by Lignoski and wife to one Curfman, and duly acknowledged and recorded, for work and labor on the same lots.

The defendants answered by general and special exceptions, general denial, and special denial of lien; and special plea that plaintiffs never caused their contracts to be filed within four months after any indebtedness accrued, in the office of the county clerk of Travis County, or caused the same to be recorded in a book to be kept or that was kept by the county clerk for that purpose; that the county clerk was never furnished with or kept a book in his office for the purpose of recording therein such contracts as sued on; that said contracts sued on were recorded in the records of Travis County in books marked "Deed Records, volume —, Travis County," kept for the purpose of recording deeds or other conveyances therein, mixed up with the deeds and scattered all through the records, as are the deeds of conveyances to lands.

Defendant Creath adopted the exception and special plea of his codefendants, and further pleaded innocent purchaser in good faith of the property for valuable consideration, partly paid.

Defendants also excepted to the intervention, because no bill of items accompanied the contract.

Trial without a jury resulted in judgment for the sums sued for, and decree foreclosing the liens in favor of plaintiffs and the intervenor.

The defendants appealed. The judgment below was in all things affirmed in the Court of Civil Appeals. Writ of error was granted on application of the defendants.

The opinion of the court sufficiently discloses the facts discussed.

*John R. Peel*, for plaintiffs in error. — 1. The petition of intervenor should have set out a bill of particulars or itemized account of the labor performed by said intervenor or his assignor, giving time, quantity, and value of the several items, and showing when the indebtedness accrued, so as to notify defendants what he intends to prove.     Jones on Liens, sec. 1407; Phill. on Mech. Liens, sec. 405.

2. The statute prescribes, that "In order to fix and secure the lien herein provided for, it shall be the duty of every original contractor within four months, and every journeyman, day laborer, or other person seeking to obtain the benefit of the provisions of this article, within thirty days after the indebtedness shall have accrued, to file his or their contract in the office of the county clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the county clerk for that purpose." A substantial and probably strict compliance with the statute is necessary to fix the lien, and a record that is not in compliance with the statute gives no lien.     Rev. Stats., art. 3164; Cameron v. Marshall, 65 Texas, 7; Quinn v. Logan, 67 Texas, 600; Lyon & Gribble v. Logan, 68 Texas, 521; Lyon & Gribble v. Ozee, 66 Texas, 95; Throckmorton v. Price, 28 Texas, 609; Trammell & Co. v. Mount, 68 Texas, 211; Mundine v. Berwin, 62 Texas, 341; Reese & Jandon v. Corlen, 60 Texas, 70; Am. Dec., 740.

3. As to defendant Creath, the papers should have been proved by some mode known to the law. He was not the maker. The papers were not filed and notice given to him as is required of recorded instruments, and no witness testified to the execution thereof.     Rev. Stats., art. 2257; Hammond v. Connolly, 63 Texas, 62; Jordan v. Robson, 27 Texas, 612.

*Wm. von Rosenberg, Jr.*, *D. W. Doom* and *Frederick C. von Rosenberg*, for appellees. — 1. In the registration of the lien contracts severally offered in evidence, the statute does not require the county clerk in his certificate to show that the lien contracts had been recorded in a book kept by the county clerk for the purpose of recording mechanic's lien contracts therein; nor is it necessary, in order to fix the lien, that the record must be made in a book used exclusively for the purpose of recording mechanic's lien contracts therein.     Rev. Stats., arts. 3165, 4299, 4304, 4334; Lyon & Gribble v. Logan, 68 Texas, 524; Quinn v. Logan, 67 Texas, 600; Martin v. Roberts, 57 Texas, 568; Throckmorton v. Price, 28 Texas, 605; Bassett v. Brewer, 74 Texas, 554; Kennard v. Mabry, 78 Texas, 151.

2. The pleading of the plaintiffs being founded on the lien contracts executed by the defendants R. B. Lignoski and Ella Lignoski, and no affidavit in writing being filed denying the execution thereof by the defendants, were properly admitted in evidence over the objection of the defendant A. J. Creath.     Rev. Stats., art. 2262; Longley v. Caruthers, 64 Texas, 287; Aycock v. Trammell, 77 Texas, 487.

*Walton, Hill & Walton,* for intervenor, L. Eck.

STAYTON, CHIEF JUSTICE.—The instruments on which plaintiffs and intervenors base their respective rights, upon their faces purport to give express liens, which under the Constitution may be done even though the property which the material and labor was furnished to improve was the homestead of Lignoski and wife. Lippincott v. York, just decided [ante, p. 276].

It is further shown that the contracts on which plaintiffs base their right were executed by the husband and wife as the Constitution requires, and before the material was furnished.

The liens which they seek to enforce are liens arising from express contract, and not the statutory liens given to persons who furnish material to make improvements; and so far as Lignoski and wife are concerned, it is wholly unimportant whether the instruments were recorded or not.

There is evidence, however, tending to show that the labor performed by the person under whom the intervenor asserts claim was in part, if not wholly, performed before the husband and wife made the contract, and to the extent that this may be true, intervenor shows no right.

If, however, the contract was made before the labor was performed, then intervenor has a valid lien without record of the contract. The views expressed render it unnecessary to determine whether, in order to fix and secure the lien given to mechanics and material men by statute, it is necessary for the contract to be recorded in a book other than that in which deeds or other conveyances are recorded, in accordance with the directions of article 4304, Revised Statutes.

The defendant who purchased the property from Lignoski and wife can not be an innocent purchaser as against plaintiffs or intervenors if he purchased after the contracts on which they rely were filed for record, even if they were not recorded in the book in which they ought to have been.

The statute provides, that "Every conveyance, covenant, agreement, deed, deed of trust, or mortgage in this chapter mentioned which shall be acknowledged, proved, or certified according to law, and delivered to the clerk of the proper court to be recorded, shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice, and as to all ceditors, from the time when such instrument shall be so acknowledged, proved, or certified, and delivered to such clerk to be recorded, and from that time only." Rev. Stats., art. 4334; Throckmorton v. Price, 28 Texas, 608; Kennard v. Mabry, 78 Texas, 156.

The statute further declares, that "Every such instrument of writing shall be considered as recorded from the time it was deposited for record." Rev. Stats., art. 4299.

In view of these statutes, in Kennard v. Mabry it was held, that ex-

cept in cases in which actual recording is made necessary to fix a right, filing for record operated as notice, and that article 4304 in this respect was directory.

The contracts between Lignoski and wife and those through whom plaintiffs and intervenor claim were admissible against their makers without proof of their execution, for the action was founded upon them, and they were alleged to have been executed by them.

· They were not admissible against Creath, the vendee of Lignoski and wife, however, unless their execution was proved, or article 2257, Revised Statutes, was complied with.

The statute provides, that " When any petition, answer, or other pleading shall be founded in whole or in part on any instrument or note in writing, charged to have been executed by the other party or by his authority, * * * such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless,'' etc. Rev. Stats., art. 2262.

This rule is by the statute made to apply to endorsers and sureties upon the note or instrument sued on, and to executor or administrator of the estate of a deceased person when the suit is founded on a note or other instrument in writing alleged to have been executed by such deceased person, unless suspicion be cast upon it by affidavit of the executor or administrator. Rev. Stats., art. 2262.

This is the extent of the statute, and it did not authorize the admission of the instruments sued upon against Creath, on averment that his vendors executed them.

For the error in admitting these contracts in evidence over his objections, the judgments of the Court of Civil Appeals and of the District Court must be reversed and the cause remanded.

Delivered December 14, 1893.

### ON REHEARING.

· STAYTON, Chief Justice.—In the original disposition of this cause it was held that the contracts sued on were not admissible against the defendant Creath, unless their execution was proved, or after being recorded they were filed and notice thereof given as provided by article 2257, Revised Statutes.

To this ruling, on facts then supposed to exist, we adhere; but the motion for rehearing calls our attention to the fact that the instruments on which the plaintiffs sued were attached to, made exhibits, and filed with the first amended original petition, filed several months before the cause was tried.

This was sufficient, under the statute, to authorize the introduction of the instruments without proof of their execution, for they were filed

among the papers of the cause for the requisite time, and all defendants were affected with notice of their filing, they having been made a part of plaintiffs' petition.

We were led into this error by the bill of exceptions, as well as the opinion of the Court of Civil Appeals; the one complaining that the instruments were admitted in evidence without such filing and notice as the statute requires, and the other holding that they were admissible against Creath as well as the other defendants, because the action was founded upon them.

The instrument on which intervenor based his right, however, was not made a part of his petition, nor was it shown to have been filed and notice thereof given as required by the statute to render it admissible without proof of its execution.

The former ruling as to him is therefore correct.

The former judgment rendered in this court will be set aside, and the judgments of the District Court and Court of Civil Appeals in favor of the plaintiffs will be affirmed; but the judgments of the courts named in favor of the intervenor, Eck, will be reversed and the cause remanded for further proceedings in his behalf; and if before such proceedings are closed, the property on which he claims lien be sold under process issued on the judgment rendered in favor of plaintiffs, then the District Court should make such orders as may be necessary to protect intervenor's claim to any sum raised on the sale in excess of that necessary to satisfy plaintiffs' judgment.

It is so ordered.

Delivered January 15, 1894.