FRANK PEACOCK V. LIDA MORGAN ET AL.

Decided May 18, 1910.

**Laborer's Lien—Creation—Filing Account—Suit.**

The lien given by statute to secure wages of artisans, laborers, etc. (Act of May 27, 1897, Laws, Twenty-Fifth Leg., p. 218, Sayles' Statutes, arts. 3339a to 3339f), is not created without the filing and notice thereof by the claimant as provided in section two of such Act. Section one giving such lien (art. 3339a) is to be construed in connection with section two (art. 3339b) providing for fixing and preserving it and the lien does not attach without compliance with the terms of the latter section. Suit to enforce the lien, though brought within six months, does not fix or create same in the absence of compliance with the requirements of filing and notice.

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*E. W. Bounds,* for appellant.—The law under which appellee claimed a lien does not create a lien, but provides a way by which a lien can be fixed, and appellee having failed to comply with the provisions of said law in fixing such lien, she had no lien under the law and the court had no power to create one. Sec. 2 Chap. 152 Acts of 1907; Berry v. McAdams, 93 Texas, 434; Cameron v. Marshall, 65 Texas, 11.

*D. H. Boyles* and *Spivey, Bartlett & Carter,* for appellees.—Art. 3339a, Revised Statutes, gives appellee Lida Morgan a lien under the facts of this case, and she having filed suit on the first day after the cause of action accrued, the "fixing and preserving" the lien as provided for in Art. 3339b, was unnecessary. Farmer's National Bank v. Taylor, 40 S. W., 876; Snyder v. First Natl. Bank, 32 S. W., 162.

KEY, CHIEF JUSTICE.—Lida Morgan brought this suit against F. J. Murphy for wages alleged to be due, and sought to foreclose a laborer's lien on certain furniture, etc., used by Murphy in running a restaurant. Frank Peacock, who was Murphy's landlord, intervened, and asserted a prior lien to secure rent owing by Murphy. Murphy did not resist either claim and the trial court rendered judgment against him on both demands, but awarded to the plaintiff priority of lien, and Peacock has appealed.

The case is submitted in this court as an agreed case under art. 1414 of the Revised Statutes. The agreement shows that Peacock was Murphy's landlord, and he has a prior lien, unless the plaintiff has brought her case within the purview and terms of the Act of 1896 [1897], page 218, providing liens for the benefit of clerks, accountants, bookkeepers, artisans, craftsmen, factory and mill operatives, servants, mechanics, quarrymen, common laborers and farm hands. That Act is codified in Sayles' Civil Statutes as articles 3339a, 3339b, 3339c, 3339d, 3339e and 3339f. Article 3339a declares that the employes designated shall have a first lien upon all products, machinery, tools, fixtures, appurtenances, goods, wares, merchandise, chattels or things of value that may be created, in whole or in part, by the labor of such

employes, or necessarily connected with the performance of such labor or service, which may be owned by or in the possession of such employes' employer. It contains a proviso to the effect that the lien of the farm hand shall be subordinate to the landlord's lien. Article 3339b reads as follows:

"Whenever any person, employer, firm, corporation, his, her, or their agent or agents, receiver or receivers, trustee or trustees, shall fail or refuse to make payments as hereinafter prescribed in this chapter, the said clerk, accountant, bookkeeper, farm hand, artisan, craftsman, operative, servant, mechanic, quarryman or laborer who shall have performed service of any character, shall make or have made, duplicate accounts of such service, with amount due him or her for the same, and present or have presented to aforesaid employer, person, firm or corporation, his, her, or their agent or agents, receiver or receivers, trustee or trustees, one of the aforesaid duplicate accounts within thirty days after the said indebtedness shall have accrued. The other of the duplicate accounts shall, within the time hereinbefore prescribed, be filed with the county clerk of the county in which said service was rendered, and shall be recorded by the county clerk in a book kept for that purpose. The party or parties presenting the aforesaid account shall make affidavit as to the correctness of the same. A compliance with the foregoing requirements in this article, shall be necessary to fix and to preserve the lien given under this chapter; and the liens of different persons shall take precedence in the order in which they are filed; provided, that all persons claiming the benefit of this chapter shall have six months within which to bring suit to foreclose the aforesaid lien; and provided further, that a substantial compliance with the provisions of this article shall be deemed sufficient diligence to fix and secure the lien hereinbefore given; provided that any purchaser of such products from the owner thereof shall acquire a good title thereto, unless he has at the time of the purchase, actual or constructive notice of the claim of such lien holder upon such products, said constructive notice to be given by record of such claim, as provided for in this chapter, or by suit filed."

Article 3339e reads as follows: "The lien created by this chapter shall cease to be operative after six months after the same is fixed, unless suit is brought within said time to enforce said lien."

The other articles have no bearing upon the question presented in this case. The plaintiff did not make or have made, duplicate accounts of the service rendered by her to Murphy, and deliver a copy thereof to him, nor cause a copy to be filed and recorded in the office of the county clerk, as prescribed by art. 3339b; and, on account of her failure to do so, appellant contends that she had no lien upon the property in controversy. Appellee contends that when she performed the service she at once acquired a lien by force of article 3339a, and that art. 3339b was enacted for the purpose of determining priority of liens, and to preserve the same as against purchasers of the property. We are of the opinion that the contention urged by counsel for appellant is correct, and that the plaintiff, as a matter of fact, never had any lien upon the property. It may be considered that art. 3339a, considered alone, would create and fix the lien, but it cannot be so

considered; and the subsequent articles are as much a part of the law as the one referred to. It is expressly declared in art. 3339b that, "A compliance with the foregoing requirements in this article shall be necessary to fix and preserve the lien given under this chapter." There is no ambiguity in the language quoted and it specifically requires compliance with that article in order to fix and preserve the lien. The language quoted is equivalent to a legislative declaration that when the requirements of art. 3339b are not complied with, no lien whatever shall exist. The subsequent proviso to the effect that filing suit shall constitute notice of the lien is not inconsistent with our construction of the statute. The clause referred to designates two means by which constructive notice may be given,—one by recording the claim, and the other by filing suit. But it must be borne in mind that article 3339e declares that the lien shall cease, unless suit is brought to enforce it within six months after it has been fixed. Therefore, it follows that recording the claim, while effective as notice for six months thereafter, does not constitute notice after the expiration of that time; and, hence, it was proper for the Legislature to provide that filing a suit to foreclose the lien should also operate as notice. For instance, an intending purchaser might examine the records in the county clerk's office, and find that a claim against the property had been recorded more than six months prior to the examination. Such record, by itself, would not constitute notice, but if, within six months after the claim was recorded, suit had been brought to enforce it, such suit would constitute notice. Hence, we conclude that it does not follow, as a necessary inference, that the use of the words "or by suit filed," at the conclusion of article 3339b, establishes the fact that the Legislature intended that the lien could be created without substantial compliance with all the provisions of that article. A statutory lien can exist only when it has been perfected in the manner prescribed by the statute authorizing it. (1 Jones on liens, sec. 106; 25 Cyc. p. 662; see also Berry v. McAdams, 93 Texas, 434.)

The defendant Murphy has not appealed nor assigned error, and therefore, as against him, the judgment is affirmed. As between appellant Frank Peacock and appellee Lida Morgan, the judgment is reversed and here rendered, giving appellant's lien priority. Costs of appeal taxed against appellee, Lida Morgan.

*Affirmed in part, and in part reversed and rendered.*