TOM EADS & CO. v. HONEYCUTT et al.
(No. 1635.)

(Court of Civil Appeals of Texas. Texarkana. April 28, 1916. Rehearing Denied May 4, 1916.)

AGRICULTURE ☞11 — CHATTEL MORTGAGES ☞138(1)—LIENS—CREATION AND PRIORITY.
In the absence of compliance with the statutes, a farm hand, who contracted to work as such for wages to be paid out of the cotton produced by his labor when the same was sold, had no lien for such wages on the cotton, and its acquisition in kind by the farm hand in payment of his services was subject to a registered chattel mortgage on the crop.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 15–30; Dec. Dig. ☞11; Chattel Mortgages, Cent. Dig. §§ 228, 229, 231–236; Dec. Dig. ☞138(1).]

Appeal from Henderson County Court; C. D. Owens, Judge.

Suit by Tom Eads & Co. in assumpsit and to foreclose a chattel mortgage lien against T. B. Honeycutt, in which John Gregory intervened. From a judgment for plaintiffs against Honeycutt for the debt and foreclosure of the mortgage lien, but decreeing certain cotton to the intervener, plaintiffs appeal. Judgment modified and affirmed.

Miller & Miller, of Athens, for appellants. W. R. Bishop and A. B. Coker, both of Athens, for appellees.

LEVY, J. T. H. Honeycutt on January 15, 1914, executed a chattel mortgage to the appellants, covering two horses, a wagon, and a crop to be grown during the year 1914. The appellants sue in assumpsit and to foreclose this mortgage lien. On the day the suit was filed, March 22, 1915, a writ of sequestration was levied on the personalty and three bales of mortgaged cotton. Appellee John Gregory, by next friend, intervened in the suit and set up claim to the three bales of cotton, averring that on January 1, 1914, he made a verbal contract with appellee Honeycutt to work for him as a farm hand during the year 1914, and for his wages to be paid out of the cotton produced by his labor when same was sold. When the crop was made, appellee Honeycutt delivered to John Gregory, in satisfaction of his claim for wages, the three bales of cotton in suit. John Gregory did not make duplicate accounts of the service rendered by him to appellee Honeycutt, nor cause a copy to be filed in the office of the county clerk. A judgment was rendered for the plaintiffs for the debt against Honeycutt, and for foreclosure of the chattel mortgage lien on the horses and wagon, but decreeing the three bales of cotton to John Gregory.

The case of Peacock v. Morgan et al., 128 S. W. 1191, clearly decides that in the absence of any compliance with the provisions of the statutes no lien could be created; and in this case it conclusively appears that the intervener, Gregory, had not fixed a lien, and, not having a lien, the acquisition of the cotton by John Gregory, which was merely taken over by him in payment of his services, would be subject to appellants' registered mortgage. The judgment of the trial court is therefore modified, in so far as to entitle the appellants to have their chattel mortgage lien foreclosed in priority on the three bales of cotton, as well as the other property, and to deny intervener, John Gregory, any right

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the three bales of cotton superior to the lien of the appellants. Intervener Gregory will be taxed with the costs of appeal and all costs incurred by him in the trial court.

Judgment modified and affirmed.