SECURITY TRUST CO. OF HOUSTON v. ROBERTS et al. (No. 40–2694.)

(Commission of Appeals of Texas, Section B. Feb. 19, 1919.)

1. APPEAL AND ERROR ☞150(1) — PARTIES ENTITLED TO ALLEGE ERROR—TRANSFEREES.

Appellant, which was in possession of the property under some character of conveyance or transfer, or by reason of some process, had the right to protect its possession and claim by questioning validity of plaintiff's laborer's lien, and by seeking relief from judgment foreclosing lien.

2. MASTER AND SERVANT ☞82(5) — LIEN — PERFECTING—"ACCRUED."

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5644, 5645, affidavit and account for laborer's lien must be presented and filed within 30 days from the date the debt, under the original contract, becomes collectable and enforceable, and agreement between employer and employé for extension of time of payment does not extend time for perfecting lien, the word "accrued" as used in the latter article meaning original maturity date.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accrue.]

3. MASTER AND SERVANT ☞82(5)—LIEN ON REALTY.

Where plaintiff sought to fix his laborer's lien only against certain machinery specifically described in his affidavit, he would acquire no lien on realty, there being nothing in affidavit to indicate whether machinery was attached to realty.

---

4. APPEAL AND ERROR &#x229D;&#x2192;79(1) — FINAL JUDGMENT.

Judgment foreclosing laborer's lien against all defendants is final, although it failed to dispose of certain parties against whom plaintiff sought only to foreclose lien.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by L. H. Roberts against R. E. Trabue, doing business under the name of the Carthage Ice & Light Company, and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (166 S. W. 12), and the Security Trust Company of Houston brings error. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Brooke & Woolworth, of Carthage, for defendants in error.

SADLER, J. L. H. Roberts brought this suit in the district court of Panola county to recover from R. E. Trabue, owner of and doing business under the name of the Carthage Ice & Light Company, to recover $853.88, being a balance owing under a contract of employment as a mill operator and laborer in said ice and light plant, and to foreclose a laborer's lien against Trabue, the Ice & Light Company, the Security Trust Company, Thos. D. Bonner, as receiver, and J. L. Norman, on certain machinery, house, and lot designated as the ice and light plant.

Roberts had been in the employ of Trabue, working at a planing mill, and on July 1, 1911, Trabue owed him $772.61 for labor in the planing mill. On that date they entered into a contract whereby Roberts was to work at the ice and light plant, keeping the machinery in repair, assisting in making ice, and doing general work as a laborer in connection with and in said plant, at a salary of $900 per year, to be due and payable at the end of the year. Under this contract he worked at the ice and light plant until about the 15th day of February, 1913, when he was prevented from further working by reason of the Security Trust Company taking possession of the ice and light plant under a conveyance or transfer or under some character of process. On February 28, 1913, Roberts prepared in duplicate an affidavit and account against Trabue under articles 5644 and 5645, Vernon's Sayles' Statutes. One copy was delivered to Trabue, and it is alleged that the original was filed with the county clerk of Panola county, but there is nothing in the statement of facts to show such filing.

In this affidavit it is alleged that there was a balance due of $853.88, which accrued on the 1st day of January, 1913, and on the 15th day of February, 1913, but that Roberts agreed with Trabue that payment of said amount should be made on February 1, 1913, and in the affidavit he sought to fix a laborer's lien on certain machinery in the ice plant, being one engine, two boilers, and one alternator. In the petition he alleges that on July 1, 1912, the amount due for the preceding year for labor in the ice and light plant was, by agreement between himself and Trabue, extended so as to fall due on July 1, 1913, and the evidence supports this allegation. Under an agreement made on July 1, 1911, Roberts was to run an account in a store owned by Trabue, and this account for purchases was to be applied as follows: First paying the $772.61, and then being applied upon the other indebtedness due to him by Trabue by reason of his labor in the ice plant. The evidence showed that on July 1, 1912, Trabue owed Roberts some amount on the salary for 1911–12, which was extended so as to fall due July 1, 1913, and also that some amount accrued January 1, 1913. The court gave judgment for the debt, and a foreclosure of the laborer's lien on the machinery and real property. The Court of Civil Appeals affirmed the judgment (166 S. W. 12), and the cause is before us on writ of error.

Opinion.

[1] We are presented with two questions for decision: First, whether the Security Trust Company is in a position to contest plaintiff's asserted lien against the property involved. The Court of Civil Appeals held that it was not. It appears from the pleading, the conclusion of fact, and the judgment of the court that the Security Trust Company was in possession of the property, holding same under some character of conveyance or transfer or by reason of some process. It clearly appears that the Security Trust Company had such possession of the property as made it advisable, if in fact it was not necessary, for plaintiff to make it a party to the suit and seek a foreclosure against it. Its possession was antagonistic and in opposition to plaintiff's asserted lien. Judgment was rendered against it, foreclosing the lien on the property which was in its possession. In virtue of this judgment, its possession of the property and its claim thereto was jeopardized by plaintiff's asserted lien and the judgment of the court. Such being the position occupied by the Security Trust Company in this litigation, it should not be deprived of its right to protect its possession and claim by calling in question the validity of plaintiff's lien and by seeking relief from the judgment of the court.

[2] The next question presented is with reference to the validity of the lien asserted by the plaintiff. On account of the very uncertain condition of the pleadings and evidence as shown by this record, it is difficult

to arrive at a satisfactory conclusion upon the pleadings and facts.

Suffice it to say that it appears from the record that the amount of the salary for the year ending July 1, 1912, and which accrued on that date, was by agreement extended so as to fall due July 1, 1913. It is further apparent from the affidavit to the account, and by which plaintiff sought to fix his lien, that some part of the $853.88 sued for accrued—that is, became due—January 1, 1913, and that this was by agreement extended to mature February 1, 1913. It is not clear from the pleadings or the proof just what these amounts are.

The plaintiff claimed, sought to fix and to foreclose, the statutory laborer's lien by virtue of articles 5644 and 5645, Vernon's Sayles' Statutes. To do this he relies upon the presentation to Trabue of a duplicate account and affidavit, and the filing of the original thereof with the county clerk of Panola county, February 28, 1913. In this account and affidavit he states "that said indebtedness accrued on the 1st day of January, 1913, and on the 15th day of February, 1913, but affiant agreed with the said Trabue that payment of the same should be made on the 1st day of February, 1913."

Article 5644, supra, gives the lien, and article 5645 prescribes the method by which the lien shall be fixed. In the latter article it is provided that, in order to' fix the lien, duplicate accounts of the services, with the amounts due, shall be made, and "one of the aforesaid duplicate accounts, within thirty days ·after said indebtedness shall have accrued," shall be presented to the debtor. "The other of the said duplicate accounts shall, within the time hereinbefore prescribed, be filed with the county clerk of the county in which said service was rendered, and shall be recorded by the county clerk in a book kept for that purpose." It is further provided in the same article that the claimant "shall have six months within which to bring suit to foreclose the aforesaid lien." Article 5648 provides: "The lien created by this chapter shall cease to be operative after six months after the same is fixed, unless suit is brought within said time to enforce such lien."

Under our view, in order to fix the lien the affidavit and account must be presented and filed within 30 days from the date the debt under the original contract becomes a collectable and enforceable demand. The amount which Trabue owed Roberts on July 1, 1912, under the contract, was on that date an enforceable demand and had accrued. Roberts had 30 days from that date in which to fix his lien. He did not do so, but agreed to an extension of payment to a definite period, to wit, July 1, 1913, and did not file his affidavit until after the expiration of the 30 days from the date of the original accrual of the claim.

With reference to whatever amount may have accrued on January 1, 1913, he did not within the 30 days fix the lien to secure that amount, but agreed to an extension of time of payment on that amount to February 1, 1913. He then undertook to fix his lien after the expiration of 30 days from the original date of the accrual of such amount as may have been due January 1, 1913.

The word "accrued," as used in this statute, means the original maturity date of the amount owing as same is fixed in the original contract, and has reference to the first vestiture of the right to demand and enforce payment, and not to any date of extension beyond the statutory period in which the lien must be fixed. It may be said that the extensions were not enforceable. If they were not enforceable, then clearly the effort to fix the lien comes too late. If the agreements for the extension in this case are ·binding, then clearly they carry the debt beyond a period in which· the lien could be fixed, and thereby the right to fix the lien is lost. It appears that the court probably went upon the theory that the lien could be fixed by filing suit; but that is not the provision of the statute. The statute prescribes the method by which the lien can be fixed, and then it gives six months from that date in which to file the suit for foreclosure. If no suit is filed within six months from the date of fixing the lien, then it is lost. We believe that our conclusions are clearly sustained by the following authorities: Neblett v. Barron, 104 Tex. 111, 134 S. W. 208; Lippencott v. York, 86 Tex. 276, 24 S. W. 275; Bassett v. Brewer, 74 Tex. 554, 12 S. W. 229; Cameron v. Marshall, 65 Tex. 9; Westinghouse Air Brake Co. v. Kansas City Southern Ry. Co., 137 Fed. 26, 71 C. C. A. 1; Cutcliff v. McAnnally, 88 Ala. 507, 7 South. 331; Lane & Bodley Co. v. Jones, 79 Ala. 156; and Flenniken v. Liscoe, 64 Minn. 269, 66 N. W. 979.

We will not undertake to discuss these cases, but they support the view here held.

[3] In this case the court forecloses the lien against the real property. Without discussing the extent to which the statute goes in giving the lien on such property, we are of the opinion that the plaintiff has no lien on the real property involved in this litigation. The lien is fixed by pursuing the provision of the statute. In the effort to do so the plaintiff sought only to fix his lien against certain machinery specifically described in his affidavit. He did not therein assert· or essay to fix a lien on the real property. There is nothing in his affidavit to indicate whether this machinery was attached to the soil in such manner as to become a part of the realty. The affidavit presumably treats it as personal property.

[4] It is asserted that the judgment rendered is not final because it fails to dispose of certain parties to the suit. As to these parties plaintiff sought only to foreclose his lien, and we are of opinion that the judgment foreclosed the lien as against all the defendants in the suit, and is therefore final.

On account of the uncertainty of the pleadings in this cause, we suggest that the trial court ought to require the parties to replead, that it may be definitely ascertained just what issues are presented for determination by the court.

We recommend that the judgments of the Court of Civil Appeals' and of the district court be reversed and the cause remanded.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission.