### LEWIS et al. v. PHILLIPS et al.
#### No. 4804.

Court of Civil Appeals of Texas. Texarkana.

Dec. 11, 1935.

Rehearing Denied Jan. 9, 1936.

F. G. Swanson, of Tyler, and T. A. Bath, of Henderson, for plaintiffs in error.

McEntire, James & Shank and Akin & Carter, all of Tyler, for defendants in error.

HALL, Justice.

On March 30, 1932, A. W. Phillips filed suit in the district court of Rusk county against appellant and others to cancel a pretended lien attempted to be fixed on a five-acre leasehold owned by him, situated in Rusk county, and to remove cloud from title cast thereby. Appellants answered by general denial and cross-action in which they sought foreclosure of their materialman's and mechanic's liens on the leasehold estate of Phillips. The Trico Oil Company, one of the appellees herein, intervened in said cause and alleged that it was the owner of the said leasehold estate by virtue of a sale to it by Phillips, that it bought without notice, either actual or constructive, of the claims of appellants for labor performed or material furnished, and that it paid a valuable consideration for same. It denied that appellants had a valid lien against said property or that they had complied with the terms of the drilling contract. It prayed for cancellation of said lien and for removal of cloud from its title. The Ellis Drilling Company, one of the appellants here, also intervened alleging that it furnished the drilling rig with which the well was drilled, and as compensation for the rental for said rig there had been assigned to it the sum of $1,000 out of the contract price to be paid for the drilling of said well. They prayed for judgment for $1,000 against Phillips and intervener Trico Oil Company and for foreclosure of the lien on the leasehold.

It appears from the record that on May 22, 1931, A. W. Phillips entered into a contract with one W. G. Boone to drill a well for oil or gas on the five-acre leasehold in controversy. Drilling was to begin on or before June 12, 1931. Consideration for the drilling of said will was $2.50 per foot, payable in stated amounts at specified depths. On June 5, 1931, Boone, for a consideration of $500 to be paid, assigned, with the written consent of Phillips, this drilling contract to T & T Drilling Company, and the date for the beginning of said well was extended to June 16, 1931, and later to June 21, 1931. The T & T Drilling Company assigned said drilling contract to Albert Baggett for a stated consideration, and Baggett was the first to begin the drilling under said

contract. He drilled the well to a depth of about 2,000 feet, after which he assigned said contract to Lewis and Swanson who continued the drilling of said well to a depth of approximately 3,100 feet. Lewis and Swanson were unable, for some reason, to complete the well to the contract depth, and Phillips, the owner of the leasehold, finished the drilling of the same.

On October 10, 1931, after the well had been completed by Phillips, Baggett, Lewis, and Swanson filed with the county clerk a duplicate of said original contract together with their affidavit in which they attempted to fix a materialman's and mechanic's lien on the five-acre leasehold upon which the well was drilled. They delivered this duplicate contract and the affidavit to the county clerk of Rusk county, Tex., who filed same and recorded it in the deed records of Rusk county, Tex.

A trial was had to the court without a jury, which resulted in a personal judgment against Phillips for certain amounts of money found by the court to be due the appellants. The court refused to foreclose the alleged lien and held the same to be void. The court also refused personal judgment against either W. V. Lester, president of Trico Oil Company, or the Trico Oil Company. From this judgment the appellants present their appeal to this court.

Appellants assign as error the action of the trial court in holding that the attempted lien sought to be fixed by appellants against this leasehold estate was void, and we think that this is the controlling question in this case. As said before, the contract and affidavit was recorded in the deed records of Rusk county, Tex., and not in the mechanic's lien records kept by him for that purpose. Article 5453, R.S., as amended by Acts 1929, 41st Leg., c. 478, § 1 (Vernon's Ann.Civ.St. art. 5453), among other things, provides: "Every original contractor, within four months, and every journeyman, day laborer, or other person, within three months after the indebtedness accrues, shall file his contract in the office of the county clerk of the county where the property is situated to be recorded in a book kept by the county clerk for that purpose."

Article 6601, R.S.1925, is as follows: "All deeds of trust, mortgages or judgments which are required to be recorded in order to create a judgment lien, or other instruments of writing intended to create a lien, shall be recorded in a book or books sepa-

rate from those in which deeds or other conveyances are recorded."

The cases that are nearest in point on this question are Quinn v. Logan, 67 Tex. 600, 4 S.W. 247, and Lyon v. Logan, 68 Tex. 521, 5 S.W. 72, 74, 2 Am.St.Rep. 511, both by Supreme Court. In the case of Lyon v. Logan, it is said: "The statute requires the contract or bill of particulars, with its accompanying statement, to be filed and 'recorded in a book to be kept by the county clerk for that purpose.' The petition alleges that this was done; and the fact that the book in which the account and accompanying statement were recorded may have been used to record bills of sale, would not affect the validity of the record, if in fact the book was the one kept for the purpose of recording all mechanics' liens. Quinn v. Logan [67 Tex. 600], 4 S.W. 247. The statute does not provide that the book shall be kept exclusively for the purpose of recording such liens."

In the case of Quinn v. Logan, supra, it is said: "They must be recorded in a book to be kept by the clerk for that purpose; but that the record of other liens may not be kept in the same book is not declared, nor is it to be deduced from any of our statutes bearing upon the question. On the contrary, the county clerk is required to record deeds of trusts, mortgages, judgments recorded for the purpose of creating a lien, or other instruments of writing intended to create a lien in a book or books separate from those in which deeds or other conveyances are recorded. Rev.St., art. 4304. This statute contemplates that liens shall be recorded separately from absolute conveyances, but not from each other. *The book in which they are registered is kept for the purpose of recording every instrument intended to create a lien; and the contract of a mechanic, or his bill of particulars, are intended, when recorded, to have that effect.* There may be no objection to registering mechanics' liens in a book by themselves; but, if the clerk habitually records them in the same book with mortgages, he keeps that book for the purpose of recording such liens, and complies literally with the statute." (Italics ours.)

 It has recently been held by this court in the case of Shirey v. Trust Co. of Texas et al., 69 S.W.(2d) 835, that the failure of the clerk to properly index a judgment filed with the county clerk attempting to fix a lien renders the same of no effect. In this case a writ of error was refused. From the authorities above cited, we are of the opinion that the trial court was correct in holding that the attempted lien in this instance was void and of no effect. The statute requires certain things to be done by a party in order to fix a mechanic's or materialman's lien, which, in our judgment, must be complied with before said lien attaches. Certainly it cannot be said that a contract filed by a mechanic or materialman not within the time required by the statute would fix a lien, and it seems to us, by the same reasoning, a failure to have the contract and affidavit "recorded in a book or books separate from those in which deeds or other conveyances are recorded" would also result in a failure of the lien to attach. The trial court found as a fact that the county clerk of Rusk county, Tex., kept a book or books separate from the deed records, in which he recorded materialman's and mechanic's liens. Therefore it is our holding that, in order to fix a statutory materialman's or mechanic's lien under the circumstances in this case, every provision of the statute relative thereto must be complied with. This holding makes it unnecessary for us to discuss the other features of this case.

The judgment of the lower court therefore is in all things affirmed.

### On Motion for Rehearing.

Plaintiffs in error and others as amicus curiæ have filed motions for rehearing in which they challenge our holding in the original opinion in this case handed down November 28, 1935, wherein it is asserted that the mechanic's and materialman's lien attempted to be fixed was ineffective because the contract filed with the county clerk of Rusk county was recorded in the deed records and not in the mechanic's lien records. In support of their position they cite the case of Bassett v. Bowers (Bassett v. Brewer), 74 Tex. 554, 12 S.W. 229, 230, by the Commission of Appeals. In that case a "sworn account of the demand due" was filed with the county clerk on the thirtieth day after the accrual of the indebtedness, but was not recorded by said clerk until the next day. The case was before the Supreme Court on the sufficiency of the pleadings; the lower court having sustained a demurrer thereto. That the court was not dealing with a written contract in that case, is clearly shown by the reference made in said opinion to the portion of the statute (old No.) article 3165, having to do with persons who have claims

for labor, etc., not based upon a written contract. Article (old No.) 3165, R.S. (as amended by Acts 1885, p. 63), is as follows: "In order to fix and secure the lien herein provided for, it shall be the duty of every original contractor, within four months, and every journeyman, day laborer or other person seeking to obtain the benefit of the provisions of this article, within thirty days after the indebtedness shall have accrued, to file his or their contract in the office of the county clerk of the county in which such property is situated and cause the same to be recorded in a book to be kept by the county clerk for that purpose; *provided, that if such journeyman, day laborer or other person have no written contract, it shall be sufficient for them to file an itemized account of their claim, supported by affidavit showing that the account is just and correct, and that all just and lawful offsets, payments and credits have been allowed."* (Italics ours.)

It will be noted that this statute makes no reference to recording a claim by the county clerk in a book kept for that purpose, or any book, where the contract is not in writing. Furthermore, a careful reading of this case reveals that the court based its opinion on the theory that the recording of a claim was for the sole purpose of imparting notice to third persons of the existence of a lien, rather than on the principle that recording of a claim based upon a written contract is a necessary part of the procedure to be taken in fixing a lien of this character. For, in discussing the latter portion of article 3165 as applied to the facts of the case under consideration, the court says, "The purpose being to give notice to third persons of the existence of this lien," and then proceeds to apply the rule with reference to the recording of deeds to the case under discussion. Therefore it is our conclusion that the holding in Basset v. Bowers, supra, that "it is no part of his duty to see that the clerk does his, by an actual record of it," was based on the facts of the particular case under consideration and not meant to be controlling in a case where the claim of a mechanic or materialman was based upon a written contract. We feel that we are fortified in this conclusion by the case of Cameron & Co. v. Marshall, 65 Tex. 7, which antedates the Basset v. Bowers Case by several years, where it is held that: *"A mechanic's lien contract is recorded, not for the special purpose of notifying third parties of the existence of the lien, but to secure the lien as between the parties to the contract. The lien has no existence without the record. * * * The contract in this case was made in accordance with the law, but was not recorded within six months after the debt fell due. As the lien of a material-man it was not therefore fixed and secured as required by the statute."* (Italics ours.)

In construing the article of the statute with reference to fixing a mechanic's lien upon a homestead, the same opinion continues: "It is true the article goes on further to require that the contract should be recorded in the county clerk's office, but this was no more than a declaration that it should not be excepted from the general rules *as to record prescribed in all cases when it was sought to fix and secure a mechanic's lien upon property."* (Italics ours.)

Several years after the Basset v. Bowers decision, Chief Justice Stayton, who was Chief Justice when said decision was rendered, speaking for the Supreme Court in the case of Lignoski v. Crooker, 86 Tex. 324, 24 S.W. 278, 279, 788, found it unnecessary to decide the very question it is claimed here was decided in Basset v. Bowers, and used the following language: "The views expressed render it unnecessary to determine whether, in order to fix and secure the lien given to mechanics and materialmen by statute, it is necessary for the contract to be recorded in a book other than that in which deeds or other conveyances are recorded, in accordance with the directions of article 4304, Rev.St."

And again in the case of Lippencott v. York, 86 Tex. 276, 24 S.W. 275, 276, Chief Justice Stayton of the Supreme Court, in discussing the difference between a contract lien and the lien of a materialman and mechanic fixed by the statute, says: "Such liens differ materially, in nature and effect, from liens which are purely the result of contract, such as mortgages or trust deeds. Such liens may be said to be inchoate, where the facts have transpired which give to the mechanic or material man the right to lien; *but they become complete where the statute requiring the contract or account, with other necessary statement, to be filed and recorded, has been complied with. The lien is thus said to be fixed or secured.* There are but few instances in which, for a time, such liens are not secret; but upon evidence of the facts on which they rest being placed on record, as required by law, such liens are

314

given effect from inception of the right, and will override liens acquired during the interval the lien may have been essentially secret." (Italics ours.)

. And in Berry v. McAdams, 93 Tex. 431, 55 S.W. 1112, 1114, Judge Brown, speaking for the Supreme Court says: "Assuming, however, for the purposes of this case, that the constitution does give a lien in favor of the class of persons to which the appellee belongs, it, at the same time, requires of the legislature to enact laws for the enforcement of such lien, which has been done, and we hold that the laws above referred to are within the powers of the legislature over the subject, *and that a failure by the appellee to comply with their requirements defeats his lien claimed under the constitution. In other words, it is a reasonable and just regulation for the efficient enforcement of the lien of the material man, which he must comply with in order to avail himself of the benefit of the provisions of the constitution.* There being valid laws upon the subject, the question what would be appellees' rights if there was no such statute cannot arise." (Italics ours.)

In Peacock v. Morgan, 61 Tex.Civ.App. 193, 128 S.W. 1191, 1193, it is said: "A statutory lien can exist only when it has been perfected in the manner prescribed by the statute authorizing it."

To the same effect is In re Brannon et al. (City of Dallas et al. v. Ryan et al.), 62 F. (2d) 959, by the United States Circuit Court of Appeals for the Fifth Circuit.

As stated in our original opinion, it is thought that the same rule relative to the fixing of a judgment lien would apply to the fixing of a mechanic's and materialman's lien; both being creatures of the statute, and both, as to the persons against whom they operate, being involuntary liens. It seems now to be a settled rule of law in this state that, to fix a judgment lien, all the requirements of the statutes relating thereto must be fully complied with. Shirey v. Trust Co. (Tex.Civ.App.) 69 S.W.(2d) 835, writ refused; McGlothlin v. Coody (Tex.Civ.App.) 39 S.W.(2d) 133, affirmed by the Commission of Appeals, 59 S.W.(2d) 819.

Therefore the motions for rehearing are respectfully overruled.