

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

Honorable Stanley Timmins
County Attorney
Marshall, Texas

Dear Sir:

Opinion No. 0-1520
Re: Should a release of a deed of trust
or mortgage be filed by the county
clerk in the Deed Records or the
Deed of Trust or Mortgage Records?

We have your letter of recent date submitting the above question for an opinion by this department.

There being no question as to a release of a mortgage or deed of trust being entitled to be recorded, Article 6626, R. C. S. of Texas, 1925, Pegram v. Owens, 64 T. 475, if properly acknowledged or proved as provided by law, we get into the principal question at once.

In your letter you set out in full Article 6601, R. C. S. of Texas, 1925, which we quote:

"All deeds of trust, mortgages or judg-
ments which are required to be recorded in
order to create a judgment lien, or other in-
struments of writing intended to create a lien,
shall be recorded in a book or books separate
from those in which• deeds or other conveyances
are recorded."

This article was passed, Acts 16th Legislature, 1879, as Article 4304 of the 1879 Revised Civil Statutes, which took effect September 1, 1879.

As it relates to your question, it is significant that Article 6601 was passed many years after the general registration laws which were passed, Acts 1836, p. 155; P.D. 4979; G. L., Vol. 1, p. 1215, and Acts 1846, p. 236; P. D. 5001; G. L., Vol. 2, p. 1542, and which have remained unaltered since that time, in so far as they affect the question submitted by you, except for the special provision contained in Article 6601. Articles 6591-6596, and Article 6626, R..C. S. of Texas, 1925.

Section 35 of the Act of 1836 provides:

> "The clerks of the county courts shall
> be the recorders for their respective counties,
> and it shall be their duty to record all deeds,
> conveyances, mortgages and other liens, and all
> other instruments of writing required by law to
> be recorded in their offices, which are pre-
> sented to them, provided . . . ."

Nothing is said in the Act of 1836 with regard to the manner of recording to be used by the clerk.

Sections 1 and 4 of the Act of 1846 provides:

> ". . . That the clerks of the county
> courts of the several counties of this State
> shall be the recorders for their respective
> counties; they shall provide and keep in their
> offices <u>well bound books</u>, in which they shall
> record, in a fair and legible hand, all instru-
> ments of writing authorized or required to be
> recorded in the recorder's office of their
> respective counties, in the manner hereinafter
> provided. . . ."

> ". . . that it shall be the duty of each
> recorder to record in the books provided for
> his office, <u>all deeds, mortgages, conveyances,
> deeds of trust, bonds, covenants, defeasances,
> or other instruments of writing</u>, of or con-
> cerning any lands, and tenements, or goods and
> chattels, or movable property of any descrip-
> tion, in his county, which shall be proved or
> acknowledged according to law, and delivered
> to him to be recorded in his office."

Substantially the same language is used in Articles 6591 and 6626 of the 1925 Revised Civil Statutes as was used in Sections 1 and 4 of the Act of 1846. It is to be noted that Sections 35, 1 and 4 quoted above are silent as to whether the clerk should record the instruments named, all in one book, or whether he should record them in separate books. Books are only referred to in Sections 15, 16 and 17 of the Act, which sections have to do with indexing.

In view of the failure of the Legislature and the Congress to provide for a separate record of <u>instruments Intend-ed to create a lien</u> in 1836 or 1846, and in view of the fact that the Legislature did so provide in the revision of 1879, we must ascribe some purpose or intent to its latter action. Then the question arises, did the Legislature intend that the "separate record" referred to by you as the Deed of Trust or Mortgage Record

be devoted exclusively to the recording of instruments <u>intended</u> <u>to create a lien</u>, that is, separate from the book containing conveyances. In our opinion, that was its intent, and this conclusion is supported by the following statement made by the court in the case of Lewis v. Phillips, 90 S.W. (2d) 310, 312:

> ". . . .the county clerk is required to record deeds of trusts, mortgages, judgments recorded for the purpose of creating a lien, or other instruments of writing intended to create a lien in a book or books separate from those in which deeds or other conveyances are recorded. Rev. St. Art. 4304. This statute contemplates that liens shall be recorded separately from absolute conveyances, but not from each other....."

Our conclusion as to the intent of the Legislature is further supported by the implication to be drawn from Article 5523, R. C. S. of Texas, 1925, which is a limitation statute; that article provides that extensions of liens created by mortgages or deeds of trust shall be "filed and recorded in the manner provided for the acknowledgment and record of <u>conveyance</u> of real estate," which of course refers to the Deed Records. The Legislature evidently intended that nothing but the instruments intended to create the lien, and not those which extended or extinguished it should be filed in the "separate books."

Another reason for holding that releases of mortgages and deeds of trust should not be filed in the Deed of Trust or Mortgage Records is that such a release has the effect of and is, in its nature, a deed or conveyance. As said by the court in the case of Baldwin v. Drew, 180 S.W. 614.

> "Under the common law, conveyances are classified, first, as original or primary conveyances, which are those by means whereof the benefit or estate is created or first arises; and, second, derivative or secondary conveyances, whereby the benefit or estate originally created is enlarged, restricted, transferred or extinguished. <u>Original conveyances</u> are the following: Feoffment, gift, grant, lease, exchange and partition. <u>Derivatives</u> are release, confirmation, surrender, assignment and defeasements." Blackburn, Vol. 1, pp. 309, 310.

On this point see also 18 C. J. 153; Harrison v. Boring, 44 Tex. 255, 262; Smith, et al, v. Cantrel, et al, 50 S. W. 1081.

Therefore, it is our opinion, and you are so advised,

that releases of mortgages and deeds of trust should not be filed by the county clerk in the Deed of Trust or Mortgage Records, but being in their nature conveyances, should be filed in the Deed Records.

The question submitted by you and the answer given go merely to the proper procedure to be followed by the county clerk. Article 6601 is merely directory. Kennard v. Mabry, 78 Tex. 151, 14 S.W. 272. The effect of the filing or registration of the release would remain unchanged, regardless of which of the books or records under discussion the county clerk might use in recording same. Article 6596; David v. Roe (Civ. App.) 271 S.W. 196.

Trusting that the above satisfactorily answers your inquiry, we are,

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                              By s/James Noel
                                 James Noel
                                 Assistant

JN:LW:wc


APPROVED NOV 20, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/BWB Chairman